**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ASSURANT, INC., | |
| *Plaintiff*, | C.A. No. 24-cv-344-GBW |
| v. | JURY TRIAL DEMANDED |
| INTELLECTUAL VENTURES I LLC, INTELLECTUAL VENTURES II LLC, and CALLAHAN CELLULAR L.L.C., | |
| *Defendants.* | |

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS TO**
**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

Defendants Intellectual Ventures I LLC ("Intellectual Ventures I"), Intellectual Ventures II LLC ("Intellectual Ventures II"), and Callahan Cellular L.L.C. ("Callahan Cellular") (collectively "Intellectual Ventures") hereby submit their Answer to Plaintiff Assurant, Inc.'s ("Assurant") Complaint for Declaratory Judgment. Except as otherwise admitted in this Answer, Intellectual Ventures denies each and every allegation in the complaint.

## I. NATURE OF THE ACTION

1. Intellectual Ventures admits that this is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, Title 35 of the United States Code. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 1.

2. Callahan Cellular admits the allegations of Paragraph 2. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 2.

3. Callahan Cellular admits the allegations of Paragraph 3. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 3.

4. Intellectual Ventures II admits the allegations of Paragraph 4. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 4.

5. Intellectual Ventures II admits the allegations of Paragraph 5. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 5.

6. Intellectual Ventures I admits it is the assignee of the ’785 Patent. With regards to the ’080 Patent, Intellectual Ventures I LLC is the exclusive licensee, of the ’080 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 6.

7. Intellectual Ventures I admits the allegations of Paragraph 7. With respect to the ’080 Patent, as the exclusive licensee, IV possesses all substantial rights to the ’080 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 7.

## II. THE PARTIES

8. Intellectual Ventures I admits that it is a limited liability company organized and existing under the laws of the State of Delaware. Intellectual Ventures I states that its principal place of business is at 14360 SE Eastgate Way, Bellevue, Washington 98007. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 8.

9. Intellectual Ventures II admits that it is a limited liability company organized and existing under the laws of the State of Delaware. Intellectual Ventures II states that its principal place of business is at 14360 SE Eastgate Way, Bellevue, Washington 98007. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 9.

10. Callahan Cellular admits that it is a limited liability company organized and existing under the laws of the State of Delaware. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 10.

11. Intellectual Ventures denies the allegations of Paragraph 11.

12. Intellectual Ventures denies the allegations of Paragraph 12.

13. Callahan Cellular admits that it has assigned patents to Intellectual Ventures II and related entities. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 13.

14. Intellectual Ventures Management and Callahan Cellular admit that some of the patents it has assigned to Intellectual Ventures II have been asserted in patent litigation. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 14.

15. Callahan Cellular admits to the allegation in Paragraph 15. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 15.

16. Callahan Cellular and Intellectual Ventures II admit to the allegation in Paragraph 16. Except as expressly admitted, Intellectual Ventures otherwise denies the allegations in Paragraph 16.

17. Intellectual Ventures II admits that it filed litigation against VMware Inc. for infringement of asserted patents in the U.S. District Court for the Western District of Texas. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 17.

18. Callahan Cellular admits to the allegations in Paragraph 18. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 18.

19. Callahan Cellular admits to the allegations in Paragraph 19. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 19.

20. Intellectual Ventures II admits to the allegations in Paragraph 20. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 20.

21. Intellectual Ventures II admits it filed litigation against Arista Networks, Inc. and Hewlett Packard Enterprise Company for infringement of United States Patent No. RE 42,153 in the U.S. District Court for the Western District of Texas. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 21.

22. Callahan Cellular admits to the allegations in Paragraph 22. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 22.

23. Callahan Cellular and Intellectual Ventures II admit to the allegations in Paragraph 23. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 23.

24. Intellectual Ventures II admits it filed litigation against FedEx Corporation for infringement of United States Patent No. 7,199,715 in the U.S. District Court for the Eastern District of Texas. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 24.

25. Callahan Cellular admits to the allegations in Paragraph 25. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 25.

26. Callahan Cellular admits to the allegations in Paragraph 26. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 26.

27. Intellectual Ventures II admits to the allegations in Paragraph 27. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 27.

28. Intellectual Ventures II admits it filed litigation against FTD Companies, Inc. and J Crew Group, Inc. for infringement of United States Patent No. 6,782,370 in the U.S. District

Court for the Eastern District of Texas. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 28.

29. Intellectual Ventures admits the allegations in Paragraph 29.

30. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 and therefore denies the allegations in Paragraph 30.

## III. JURISDICTION AND VENUE

31. Intellectual Ventures incorporates its responses to the preceding paragraphs as if fully set forth herein.

32. Intellectual Ventures admits that this action purports to include counts for declaratory relief under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 32.

33. Intellectual Ventures admits that Assurant seeks a declaration that purports to arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 33.

34. Intellectual Ventures admits that this Court has subject matter jurisdiction over this action. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 34.

35. Intellectual Ventures denies the allegations of Paragraph 35.

36. Intellectual Ventures denies the allegations of Paragraph 36.

37. Intellectual Ventures denies the allegations of Paragraph 37.

38. Intellectual Ventures admits that it sent Assurant an email, but denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. The

email speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 38.

39. Intellectual Ventures admits that Mr. Steve Joroff sent an email on January 3, 2024, to Assurant, but denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. The email speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 39.

40. Intellectual Ventures admits that it sent Assurant an email, but denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. The email speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 40.

41. Intellectual Ventures admits that it sent Assurant an email, but denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. The email speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 41.

42. Intellectual Ventures admits that Mr. Joroff sent a follow-up communication to Assurant on or about January 12, 2024. The email speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 42.

43. Intellectual Ventures admits that it sent Assurant an email, but denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. The email speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 43.

44. Intellectual Ventures admits that it provided Assurant with a presentation, but denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. The presentation speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 44.

45. Intellectual Ventures admits that it provided Assurant with a presentation, but denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. The presentation speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 45.

46. Intellectual Ventures admits that it provided Assurant with a presentation, but denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. The presentation speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 46.

47. Intellectual Ventures admits on its face the allegations of Paragraph 47 to the extent they accurately reflect the contents of the referenced presentation, but denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. The presentation speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 47.

48. Intellectual Ventures admits that it provided Assurant a presentation, but denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. The presentation speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 48.

49. Intellectual Ventures admits it provided Assurant a draft license agreement, but denies any characterization, substantive allegations, legal conclusions, or implications arising

therefrom. The email speaks for itself. The draft license agreement speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 49.

50. Intellectual Ventures denies the allegations of Paragraph 50.

51. Intellectual Ventures admits that it filed a complaint against JP Morgan Chase & Co. in the Eastern District of Texas on November 15, 2023, asserting infringement of the ’844, ’167, and ’785 Patents. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 51.

52. Intellectual Ventures admits that it filed a complaint against Comerica Incorporated in November 15, 2023, asserting infringement of the ’844 and ’785 Patents. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 52.

53. Intellectual Ventures admits that it filed a complaint against Liberty Mutual Holding Company Inc. and its affiliates in November 15, 2023, asserting infringement of the ’844 and ’785 Patents. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 53.

54. Intellectual Ventures denies the allegations of Paragraph 54.

55. Intellectual Ventures admits it included a notice letter as an exhibit in its complaint against Comerica. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 55.

56. Intellectual Ventures admits it included notice letters as an exhibit to its complaints against JP Morgan Chase & Co. and Liberty Mutual Holding Company Inc. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising

therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 56.

57. The correspondence speaks for themselves. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 57.

58. Intellectual Ventures admits that it provided Assurant with a document. The document speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 58.

59. Intellectual Ventures denies the allegations of Paragraph 59.

60. Intellectual Ventures denies the allegations of Paragraph 60.

61. Intellectual Ventures admits that Assurant communicated with Intellectual Ventures on March 15, 2024. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 61.

62. Intellectual Ventures I admits that it is subject to general personal jurisdiction in Delaware. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 62.

63. Intellectual Ventures I admits that it is subject to general personal jurisdiction in Delaware. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 62.

64. Intellectual Ventures II admits that it is subject to general personal jurisdiction in Delaware. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 64.

65. Intellectual Ventures II admits that it is subject to general personal jurisdiction in Delaware. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 65.

66. Callahan Cellular admits that it is subject to general personal jurisdiction in Delaware. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 66.

67. Intellectual Ventures admits the allegations of Paragraph 67.

68. Intellectual Ventures admits that venue is proper in this judicial district. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 68.

69. Intellectual Ventures admits that venue is proper in this judicial district. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 69.

70. Intellectual Ventures admits that venue is proper in this judicial district. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 70.

## IV. THE DECLARATORY JUDGMENT PATENTS

71. Intellectual Ventures admits that the referenced patent was filed and issued as stated. Callahan Cellular admits that it is assigned the ’391 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 71.

72. Intellectual Ventures admits that the referenced patent was filed and issued as stated. Intellectual Ventures II admits that it is assigned the ’844 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 72.

73. Intellectual Ventures admits that the referenced patent was filed and issued as stated. Intellectual Ventures II admits that it is assigned the ’167 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 73.

74. Intellectual Ventures admits that the referenced patent was filed and issued as stated. Intellectual Ventures I admits that it is assigned the ’785 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 74.

75. Intellectual Ventures denies that the ’080 is currently assigned to Intellectual Ventures I LLC. Intellectual Ventures I was assigned all substantial rights to the ’080 Patent through an exclusive license. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 75.

**COUNT I: DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF THE ’391 PATENT**

76. Intellectual Ventures incorporates its responses to the preceding paragraphs as if fully set forth herein.

77. The communications speak for themselves. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 77.

78. IV lacks sufficient knowledge or information to admit or deny the allegation because the allegations as stated is vague and ambiguous with regards to “certain third-party software branded as 3DSecure2.” Therefore, Intellectual Ventures denies the allegations of Paragraph 78.

79. Intellectual Ventures denies the allegations of Paragraph 79.

80. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80. Intellectual Ventures therefore

denies the allegations of Paragraph 80. Except as expressly admitted, Intellectual Ventures denies the allegations of Paragraph 80.

81. Intellectual Ventures admits on its face the allegations of Paragraph 81 to the extent they accurately describe the independent claim of the '391 Patent. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the '391 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 81.

82. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 and therefore denies the allegations in Paragraph 82. Furthermore, the allegations "representations made on 3dsecure2.com/frictionless-flow" is vague and ambiguous and IV therefore denies the same.

83. The language "based on the representations made on3dsecure2.com/frictionless.flow" is vague and ambiguous. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 and therefore denies the allegations of Paragraph 83.

84. The language "in light of this representation, and on information and belief…" is vague and ambiguous and calls for a legal conclusion. Intellectual Ventures therefore denies the allegations of Paragraph 84.

85. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85. Intellectual Ventures therefore denies the allegations of Paragraph 85. Except as expressly admitted, Intellectual Ventures denies the allegations of Paragraph 85.

86. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86. Intellectual Ventures therefore denies the allegations of Paragraph 86. Except as expressly admitted, Intellectual Ventures denies the allegations of Paragraph 86.

87. Intellectual Ventures admits that Assurant purports to seek a declaration that it does not infringe the ’391 Patent. Intellectual Ventures denies that Assurant is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 87.

**COUNT II: DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF THE ’844 PATENT**

88. Intellectual Ventures incorporates its responses to the preceding paragraphs as if fully set forth herein.

89. Intellectual Ventures admits that it has communicated with Assurant. The communications speak for themselves. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 89.

90. The language “certain third-party software branded as ‘Docker’” is vague and ambiguous. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90. Intellectual Ventures therefore denies the allegations of Paragraph 90.

91. Intellectual Ventures denies the allegations of Paragraph 91.

92. Intellectual Ventures denies the allegations of Paragraph 92.

93. Intellectual Ventures admits on its face the allegations of Paragraph 93 to the extent they accurately describe the independent claim of the ’844 Patent. Intellectual Ventures denies any

characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’844 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 93.

94. Intellectual Ventures denies the allegations of Paragraph 94.

95. The allegations contained in Paragraph 95 are vague and ambiguous. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of all the allegations set forth in Paragraph 95 and therefore denies them.

96. The allegations in Paragraph 96 related to the “major difference” is vague and ambiguous. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 and therefore denies the allegations in Paragraph 96.

97. Intellectual Ventures admits that a Docker container includes layers including an image and a container layer. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 97.

98. Intellectual Ventures admits that a Docker container includes layers including an image and a container layer. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 98.

99. The allegations in Paragraph 99 related to the “do not include” and “only additional data blocks …” is vague and ambiguous. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 and therefore denies the allegations in Paragraph 96.

100. Intellectual Ventures denies the allegations of Paragraph 100.

101. Intellectual Ventures denies the allegations of Paragraph 101.

102. Intellectual Ventures denies the allegations of Paragraph 102.

103. Intellectual Ventures admits that Assurant purports to seek a declaration that it does not infringe the ’844 Patent. Intellectual Ventures denies that Assurant is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 103.

**COUNT III: DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF THE ’167 PATENT**

104. Intellectual Ventures incorporates its responses to the preceding paragraphs as if fully set forth herein.

105. Intellectual Ventures admits that it has communicated with Assurant. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 105.

106. Intellectual Ventures contends that certain Zelle functionality incorporated into certain systems infringed the ’167 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 106.

107. Intellectual Ventures denies the allegations of Paragraph 107.

108. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108. Intellectual Ventures therefore denies the allegations of Paragraph 108. Except as expressly admitted, Intellectual Ventures denies the allegations of Paragraph 108.

109. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109. Intellectual Ventures therefore

denies the allegations of Paragraph 109. Except as expressly admitted, Intellectual Ventures denies the allegations of Paragraph 109.

110. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110. Intellectual Ventures therefore denies the allegations of Paragraph 110. Except as expressly admitted, Intellectual Ventures denies the allegations of Paragraph 110.

111. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111. Intellectual Ventures therefore denies the allegations of Paragraph 111. Except as expressly admitted, Intellectual Ventures denies the allegations of Paragraph 111.

112. Intellectual Ventures admits that Assurant purports to seek a declaration that it does not infringe the ’167 Patent. Intellectual Ventures denies that Assurant is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 112.

## COUNT IV: DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF THE ’785 PATENT

113. Intellectual Ventures incorporates its responses to the preceding paragraphs as if fully set forth herein.

114. Intellectual Ventures denies the allegations of Paragraph 114.

115. Intellectual Ventures admits that it has asserted the ’785 Patent with regards to certain Kubernetes based functionality. Intellectual Ventures denies the remaining allegations of Paragraph 115.

116. Intellectual Ventures denies the allegations of Paragraph 116.

117. Intellectual Ventures denies the allegations of Paragraph 117.

118. The allegations in Paragraph 118 are vague and ambiguous with regards to the term "*inter alia*" and therefore denies them. Intellectual Ventures further denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the '785 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 118.

119. Intellectual Ventures denies the allegations of Paragraph 119.

120. Intellectual Ventures admits to the allegations of Paragraph 120 to the extent it accurately describes the kubernetes.io website. The kubernetes.io website speaks for itself. Intellectual Ventures further denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the '785 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 120.

121. Intellectual Ventures admits to the allegations of Paragraph 121 to the extent it accurately describes the kubernetes.io website. The kubernetes.io website speaks for itself. Intellectual Ventures further denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the '785 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 121.

122. Intellectual Ventures admits to the allegations of Paragraph 122 to the extent it accurately describes the kubernetes.io website. The kubernetes.io website speaks for itself. Intellectual Ventures further denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation

on, the scope of the claims of the '785 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 122.

123. Intellectual Ventures admits to the allegations of Paragraph 123 to the extent it accurately describes the kubernetes.io website. The kubernetes.io website speaks for itself. Intellectual Ventures further denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the '785 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 123.

124. Intellectual Ventures admits to the allegations of Paragraph 124 to the extent it accurately describes the kubernetes.io website. The kubernetes.io website speaks for itself. Intellectual Ventures further denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the '785 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 124.

125. Intellectual Ventures admits to the allegations of Paragraph 125 to the extent it accurately describes the kubernetes.io website. The kubernetes.io website speaks for itself. Intellectual Ventures further denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the '785 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 125.

126. Intellectual Ventures denies the allegations of Paragraph 126.

127. Intellectual Ventures denies the allegations of Paragraph 127.

128. Intellectual Ventures denies the allegations of Paragraph 128.

129. Intellectual Ventures denies the allegations of Paragraph 129.

130. Intellectual Ventures admits that Assurant purports to seek a declaration that it does not infringe the ’785 Patent. Intellectual Ventures denies that Assurant is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 130.

## COUNT V: DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF THE ’080 PATENT

131. Intellectual Ventures incorporates its responses to the preceding paragraphs as if fully set forth herein.

132. Intellectual Ventures admits that it has communicated with Assurant, but denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 132.

133. Intellectual Ventures admits that it has alleged that certain Hadoop functionality infringes the ’080 Patent. Intellectual Ventures further denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’080 Patent. Intellectual Ventures denies the remaining allegations of Paragraph 133. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 133.

134. Intellectual Ventures denies the allegations of Paragraph 134.

135. Intellectual Ventures denies the allegations of Paragraph 135.

136. Intellectual Ventures admits on its face the allegations of Paragraph 136 to the extent they accurately describe the independent claim of the ’080 Patent. The ’080 Patent speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal

conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’080 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 136.

137. Intellectual Ventures denies the allegations of Paragraph 137.

138. Intellectual Ventures admits to the allegations of Paragraph 138 to the extent it accurately describes the hadoop.apache.org website. The hadoop.apache.org website speaks for itself. Intellectual Ventures further denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’080 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 138.

139. Intellectual Ventures admits to the allegations of Paragraph 139 to the extent it accurately describes the hadoop.apache.org website. The hadoop.apache.org website speaks for itself. Intellectual Ventures further denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’080 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 139.

140. Intellectual Ventures admits to the allegations of Paragraph 140 to the extent it accurately describes the hadoop.apache.org website. The hadoop.apache.org website speaks for itself. Intellectual Ventures further denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’080 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 140.

141. Intellectual Ventures admits to the allegations of Paragraph 141 to the extent it accurately describes the hadoop.apache.org website. The hadoop.apache.org website speaks for itself. Intellectual Ventures further denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’080 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 141.

142. Intellectual Ventures denies the allegations of Paragraph 142.

143. Intellectual Ventures denies the allegations of Paragraph 143.

144. Intellectual Ventures denies the allegations of Paragraph 144.

145. Intellectual Ventures admits that Assurant purports to seek a declaration that it does not infringe the ’080 Patent. Intellectual Ventures denies that Assurant is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 145.

## **DEMAND FOR JURY TRIAL**

146. Intellectual Ventures demands a jury trial on all issues and claims so triable.

## **PRAYER FOR RELIEF**

147. Intellectual Ventures hereby incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein. Intellectual Ventures denies that Assurant is entitled to the relief requested in paragraphs A-I of its Prayer for Relief and denies the allegations therein.

## **AFFIRMATIVE AND OTHER DEFENSES**

Subject to the responses above, Intellectual Ventures I and Intellectual Ventures II contend and assert the following affirmative and other defenses in response to the allegations in the Complaint. By asserting these defenses, Intellectual Ventures does not admit that it bears the

burden of proof on any issue and does not accept any burden it would not otherwise bear. Intellectual Ventures' investigation of its defenses is continuing, and Intellectual Ventures reserves the right to amend its Answer to allege and assert any additional affirmative defenses, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

**FIRST DEFENSE**
**(Failure to State a Claim Upon Which Relief May Be Granted)**

Assurant's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**
**(Failure to Allege a Sufficient Case or Controversy)**

Assurant's Complaint fails to allege a sufficient case or controversy.

**RESERVATION OF ALL AFFIRMATIVE DEFENSES**

Intellectual Ventures hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

**COUNTERCLAIMS FOR PATENT INFRINGEMENT**

Counterclaim-Plaintiffs Intellectual Ventures I and Intellectual Ventures II (collectively "Intellectual Ventures") for their counterclaims allege against Plaintiff Assurant, Inc. ("Assurant"), as follows:

**THE PARTIES**

1. Intellectual Ventures I is a Delaware limited liability company having its principal place of business located at 14360 SE Eastgate Way, Bellevue, Washington 98007.

2. Intellectual Ventures II is a Delaware limited liability company having its principal place of business located at 14360 SE Eastgate Way, Bellevue, Washington 98007.

3. Intellectual Ventures I is the owner of all rights, title, and interest in and to United States Patent No. 7,949,785 ("the '785 Patent"), and is the exclusive licensee of United States Patent No. 7,712,080 ("the '080 Patent").

4. Intellectual Ventures II is the owner of all rights, title, and interest in and to United States Patent No. 8,332,844 ("the '844 Patent").

5. Assurant is a domestic corporation organized under the laws of the state of Delaware, with its principal place of business located at 260 Interstate N Cir SE, Atlanta, GA 30339.

## JURISDICTION AND VENUE

6. Intellectual Ventures I and Intellectual Ventures II bring this action for patent infringement pursuant to 35 U.S.C. § 271, et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

## FACTUAL BACKGROUND

7. Intellectual Ventures Management, LLC ("Intellectual Ventures Management") was founded in 2000. Since then, Intellectual Ventures Management has been involved in the business of inventing. Intellectual Ventures Management facilitates invention by inventors and the filing of patent applications for those inventions, collaboration with others to develop and patent inventions, and the acquisition and licensing of patents from individual inventors, universities, corporations, and other institutions. A significant aspect of Intellectual Ventures Management's business is managing the Counterclaim-Plaintiffs in this case, Intellectual Ventures I and Intellectual Ventures II.

8. One of the founders of Intellectual Ventures Management is Nathan Myhrvold, who worked at Microsoft from 1986 until 2000 in a variety of executive positions, culminating in his appointment as the company's first Chief Technology Officer ("CTO") in 1996. While at Microsoft, Dr. Myhrvold founded Microsoft Research in 1991 and was one of the world's foremost software experts. Between 1986 and 2000, Microsoft became the world's largest technology company.

9. Under Dr. Myhrvold's leadership, funds managed by Intellectual Ventures Management acquired more than 70,000 patents covering many important inventions used in the airline and avionics industries.

10. Assurant offers various types of financial related services and technologies to its customers, partners, vendors, and/or third parties. Assurant's products and services utilize and/or support various technologies, including but not limited to backend cloud technologies such as Kubernetes, Docker, and Kafka.

## THE PATENTS-IN-SUIT

**U.S. Patent No. 7,949,785**

11. On May 24, 2011, the PTO issued the '785 Patent, titled "Secure Virtual Community Network System." The '785 Patent is valid and enforceable. A copy of the '785 Patent is attached as Exhibit 1.

12. Intellectual Ventures I is the owner of all rights, title, and interest in and to the '785 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '785 Patent.

**U.S. Patent No. 7,712,080**

13. On May 4, 2010, the PTO issued the '080 Patent, titled "Systems and Methods for Parallel Distributed Programming." The '080 Patent is valid and enforceable. A copy of the '080 Patent is attached as Exhibit 2.

14. Intellectual Ventures I LLC, as an exclusive licensee, holds all substantial rights to the '080 Patent, including the right to enforce and recover damages for infringement of the '080 Patent.

**U.S. Patent No. 8,332,844**

15. On December 11, 2012, the PTO issued the '844 Patent, titled "Root image caching and indexing for block-level distributed application management." The '844 Patent is valid and enforceable. A copy of the '844 Patent is attached as Exhibit 3.

16. Intellectual Ventures II LLC is the owner of all rights, title, and interest in and to the '844 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover damages for infringement of the '844 Patent.

**COUNTERCLAIM COUNT I**
(Assurant's Infringement of U.S. Patent No. 7,949,785)

17. Paragraphs 1 through 16 of Intellectual Ventures' counterclaims are incorporated by reference as if fully set forth herein.

18. **Direct Infringement**. Assurant, without authorization or license from Intellectual Ventures I, has directly infringed literally and/or by the doctrine of equivalents, individually and/or jointly, the '785 Patent, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Accused Products and Services that infringe the '785 Patent, including but not limited to at least the Accused Products and Services identified in the example chart incorporated into this Count (collectively, "Example Assurant Counterclaim Count I Products and Services")

that infringe at least the example claims of the ’785 Patent identified in the chart incorporated into this Counterclaim Count (the “Example ’785 Patent Claims”) literally or by the doctrine of equivalents.

19. On information and belief, Assurant has also infringed, literally or under the doctrine of equivalents, the Example ’785 Patent Claims, by internal testing and use of the Example Assurant Counterclaim Count I Products and Services.

20. Each claim of the ’785 Patent is valid, enforceable, and patent eligible under Section 101 of the Patent Act. For example, the ’785 Patent is related to private virtual dynamic networks and enabling communications between devices on public and private networks. The ’785 Patent discloses and claims systems and methods that address technical problems that are inherent in and derive from prior art methods and systems involving the problems of virtual network management, among other issues. The ’785 Patent addressed this technical problem and others with a technical solution that is described in the specification and captured by one or more claims. Additionally, the claims of the ’785 Patent are novel and non-obvious and recite elements and steps that were not routine or conventional at the time of the invention, either individually or in combination.

21. Each claim of the ’785 Patent recites an independent invention. Neither the example claims described nor any other individual claim is representative of all claims in the ’785 Patent.

22. Assurant has known that its infringing products and services, such as the Example Assurant Counterclaim Count I Products and Services, cannot be used without infringing the technology claimed in the ’785 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

23. **Willful Blindness.** Assurant knew of the ’785 Patent, or should have known of the ’785 Patent, but was willfully blind to its existence. Assurant has had actual knowledge of the ’785 Patent not later than receipt of notices dated at least January 9, 2024 and/or February 12, 2024.

24. **Induced Infringement.** Assurant has also induced, and continues to induce the infringement of the ’785 Patent by inducing its partners, vendors, customers, and/or third parties to use or cause to use its products and services, such as Example Assurant Counterclaim Count I Products and Services, in an infringing manner as described above, including encouraging and instructing its customers, partners, vendors, customers, and/or third parties to infringe the ’785 Patent. For example, on information and belief, Assurant offers products and services to its customers and third parties and/or employees that are associated with backend functionality provided by the Example Assurant Count I Products and Services. Assurant has contributed to and/or induced, and continues to contribute to and/or induce the infringement of the ’785 Patent by offering such products and services and contributing to and/or inducing its customers and third parties and/or employees to use such products and services that are associated with backend functionality provided by the Example Assurant Count I Products and Services.

25. Assurant therefore actively, knowingly, and intentionally has committed, and continues to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the ’785 Patent with knowledge of the ’785 Patent and knowledge that the induced acts constitute infringement of one or more claims of the ’785 Patent. Assurant has actively induced others, including, but not limited to, customers, partners, vendors, customers, and/or third parties who use the Example Assurant Counterclaim Count I Products and Services to infringe the ’785 Patent, literally and/or by the doctrine of equivalents, throughout the

United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example Assurant Counterclaim Count I Products and Services.

26. **Contributory Infringement.** Assurant actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia*, knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '785 Patent by its partners, vendors, customers, and/or third parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the '785 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

27. Assurant therefore actively, knowingly, and intentionally has been and continues to materially contribute to their customers, partners', vendors', and/or third-parties' infringement of the '785 Patent, literally and/or by the doctrine of equivalents, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Example Assurant Counterclaim Count I Products and Services for use in a manner that has infringed one or more claims of the '785 Patent. Example Assurant Counterclaim Count I Products and Services are especially made or adapted for infringing the '785 Patent and have no substantial non-infringing use.

28. As described in the example chart incorporated into this Counterclaim Count, I does not accuse Assurant products and services that use a licensed cloud provide where the functionality for the '785 Patent is covered by that license. Example Assurant Counterclaim Count I Products and Services do not include licensed Assurant products and services.

29. Exhibit 4 includes the Example Assurant Counterclaim Count I Products and Services and Example ’785 Patent Claims. As set forth in the chart, the Example Assurant Counterclaim Count I Products and Services practice the technology claimed by the ’785 Patent. Accordingly, the Example Assurant Counterclaim Count I Products and Services incorporated in the chart satisfies all elements of the Example ’785 Patent Claims.

30. Intellectual Ventures I therefore incorporates by reference in its allegations herein the claim chart of Exhibit 4.

31. Intellectual Ventures I is entitled to recover damages adequate to compensate for Assurant’s past infringement of the ’785 Patent. Intellectual Ventures I is entitled to recover damages from Assurant to compensate them for Assurant’s infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

32. As a result of Assurant’s acts of infringement, Intellectual Ventures I has suffered damages in an amount to be proven at trial.

**COUNTERCLAIM COUNT II**

(Assurant’s Infringement of U.S. Patent No. 7,712,080)

33. Paragraphs 1 through 32 of Intellectual Ventures’ counterclaims are incorporated by reference as if fully set forth herein.

34. **Direct Infringement**. Assurant, without authorization or license from Intellectual Ventures I, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the ’080 Patent, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Accused Products and Services that infringe the ’080 Patent, including but not limited to at least the Accused Products and Services identified in the example charts incorporated below, into this Count (collectively, “Example Assurant Count II

Products and Services") that infringe at least the example claims of the '080 Patent identified in the charts incorporated into this Count (the "Example '080 Patent Claims") literally or by the doctrine of equivalents.

35. On information and belief, Assurant has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '080 Patent Claims, by internal testing and use of the Example Assurant Count II Products and Services.

36. Each claim of the '080 Patent is valid, enforceable, and patent eligible under Section 101 of the Patent Act. The '080 Patent is related to secure, customizable computer clusters and detecting cluster-level and node-level issues. The '080 Patent discloses and claims systems and methods that address technical problems that are inherent in and derive from prior art methods and systems involving the problems of multi-cluster configuration management and efficient usage of cluster resources, among other issues. The '080 Patent addressed this technical problem and others with a technical solution that is described in the specification and captured by one or more claims. Additionally, the claims of the '080 Patent are novel and non-obvious and recite elements and steps that were not routine or conventional at the time of the invention, either individually or in combination.

37. Each claim of the '080 Patent recites an independent invention. Neither the example claims described nor any other individual claim is representative of all claims in the '080 Patent.

38. Assurant has known that its infringing products and services, such as the Example Assurant Count II Products and Services, cannot be used without infringing the technology claimed in the '080 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

39. **Willful Blindness.** Assurant knew of the ’080 Patent, or should have known of the ’080 Patent, but was willfully blind to its existence. Assurant has had actual knowledge of the ’080 Patent not later than receipt of notice dated at least February 12, 2024. By the time of trial, Assurant will have known and intended that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the ’080 Patent.

40. **Induced Infringement.** Assurant has also contributed to and/or induced, and continues to contribute to and/or induce the infringement of the ’080 Patent by contributing to and/or inducing its partners, vendors, customers, and/or third parties to use or cause to use its products and services, such as Example Assurant Count II Products and Services, in an infringing manner as described above, including encouraging and instructing its partners, vendors, customers, and/or third parties to infringe the ’080 Patent. For example, on information and belief, Assurant offers products and services to its customers and third parties and/or employees that are associated with backend functionality provided by the Example Assurant Count II Products and Services. Assurant has contributed to and/or induced, and continues to contribute to and/or induce the infringement of the ’080 Patent by offering such products and services and contributing to and/or inducing its customers and third parties and/or employees to use such products and services that are associated with backend functionality provided by the Example Assurant Count II Products and Services.

41. Assurant therefore actively, knowingly, and intentionally has committed, and continues to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the ’080 Patent with knowledge of the ’080 Patent and knowledge that the induced acts constitute infringement of one or more claims of the ’080 Patent. Assurant has actively induced others, including, but not limited to, partners, vendors, customers,

and/or third parties who use the Example Assurant Count II Products and Services to infringe the ’080 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example Assurant Count II Products and Services.

42. **Contributory Infringement.** Assurant actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia*, knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the ’080 Patent by its partners, vendors, customers, and/or third parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the ’080 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

43. Assurant therefore actively, knowingly, and intentionally has been and continues to materially contribute to their partners’, vendors’, and/or third-parties’ infringement of the ’080 Patent, literally and/or by the doctrine of equivalents, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Example Assurant Count II Products and Services for use in a manner that infringes one or more claims of the ’080 Patent. Example Assurant Count II Products and Services are especially made or adapted for infringing the ’080 Patent and have no substantial non-infringing use.

44. Exhibit 5 (claim chart) includes the Example Assurant Count II Products and Services and Example ’080 Patent Claims. As set forth in these charts, the Example Assurant Count II Products and Services practice the technology claimed by the ’080 Patent. Accordingly,

the Example Assurant Count II Products and Services incorporated in these charts satisfy all elements of the Example ’080 Patent Claims.

45. Intellectual Ventures I therefore incorporates by reference in its allegations herein the claim chart of Exhibit 5.

46. Intellectual Ventures I is entitled to recover damages adequate to compensate for Defendant’s infringement of the ’080 Patent and will continue to be damaged by such infringement. Intellectual Ventures is entitled to recover damages from Defendant to compensate them for Defendant’s infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

47. Further, Assurant’s infringement of Intellectual Ventures I’s rights under the ’080 Patent will continue to damage Intellectual Ventures I’s business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

48. As a result of Defendant’s acts of infringement, Intellectual Ventures I has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNTERCLAIM COUNT III**
(Assurant’s Infringement of U.S. Patent No. 8,332,844)

49. Paragraphs 1 through 48 of Intellectual Ventures’ counterclaims are incorporated by reference as if fully set forth herein.

50. **Direct Infringement.** Assurant, without authorization or license from Intellectual Ventures II, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the ’844 Patent, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Accused Products and Services that infringe the ’844 Patent, including but not limited to at least the Accused Products and Services

identified in the example charts incorporated below, into this Count (collectively, "Example Assurant Count III Products and Services") that infringe at least the example claims of the '844 Patent identified in the charts incorporated into this Count (the "Example '844 Patent Claims") literally or by the doctrine of equivalents.

51. On information and belief, Assurant has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '844 Patent Claims, by internal testing and use of the Example Assurant Count III Products and Services.

52. Each claim of the '844 Patent is valid, enforceable, and patent eligible under Section 101 of the Patent Act. The '844 Patent is related to secure, customizable computer clusters and detecting cluster-level and node-level issues. The '844 Patent discloses and claims systems and methods that address technical problems that are inherent in and derive from prior art methods and systems involving the problems of multi-cluster configuration management and efficient usage of cluster resources, among other issues. The '844 Patent addressed this technical problem and others with a technical solution that is described in the specification and captured by one or more claims. Additionally, the claims of the '844 Patent are novel and non-obvious and recite elements and steps that were not routine or conventional at the time of the invention, either individually or in combination.

53. Each claim of the '844 Patent recites an independent invention. Neither the example claims described nor any other individual claim is representative of all claims in the '844 Patent.

54. Assurant has known that its infringing products and services, such as the Example Assurant Count III Products and Services, cannot be used without infringing the technology claimed in the '844 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

55. **Willful Blindness.** Assurant knew of the ’844 Patent, or should have known of the ’844 Patent, but was willfully blind to its existence. Assurant has had actual knowledge of the ’844 Patent through receipt of notices dated at least January 9, 2024 and/or February 12, 2024. By the time of trial, Assurant will have known and intended that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the ’844 Patent.

56. **Induced Infringement**. Assurant has also contributed to and/or induced, and continues to contribute to and/or induce the infringement of the ’844 Patent by contributing to and/or inducing its partners, vendors, customers, and/or third parties to use or cause to use its products and services, such as Example Assurant Count III Products and Services, in an infringing manner as described above, including encouraging and instructing its partners, vendors, customers, and/or third parties to infringe the ’844 Patent. For example, on information and belief, Assurant offers products and services to its customers and third parties and/or employees that are associated with backend functionality provided by the Example Assurant Count III Products and Services. Assurant has contributed to and/or induced, and continues to contribute to and/or induce the infringement of the ’844 Patent by offering such products and services and contributing to and/or inducing its customers and third parties and/or employees to use such products and services that are associated with backend functionality provided by the Example Assurant Count III Products and Services.

57. Assurant therefore actively, knowingly, and intentionally has committed, and continues to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the ’844 Patent with knowledge of the ’844 Patent and knowledge that the induced acts constitute infringement of one or more claims of the ’844 Patent. Assurant has actively induced others, including, but not limited to, partners, vendors, customers,

and/or third parties who use the Example Assurant Count III Products and Services to infringe the ’844 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example Assurant Count III Products and Services.

58. **Contributory Infringement**. Assurant actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, inter alia, knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the ’844 Patent by its partners, vendors, customers, and/or third parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the ’844 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

59. Assurant therefore actively, knowingly, and intentionally has been and continues to materially contribute to their partners’, vendors’, and/or third-parties’ infringement of the ’844 Patent, literally and/or by the doctrine of equivalents, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Example Assurant Count III Products and Services for use in a manner that infringes one or more claims of the ’844 Patent. Example Assurant Count III Products and Services are especially made or adapted for infringing the ’844 Patent and have no substantial non-infringing use.

60. Exhibit 6 (claim chart) includes the Example Assurant Count III Products and Services and Example ’844 Patent Claims. As set forth in these charts, the Example Assurant Count III Products and Services practice the technology claimed by the ’844 Patent. Accordingly,

the Example Assurant Count III Products and Services incorporated in these charts satisfy all elements of the Example '844 Patent Claims.

61. Intellectual Ventures II therefore incorporates by reference in its allegations herein the claim chart of Exhibit 6.

62. Intellectual Ventures II is entitled to recover damages adequate to compensate for Defendant's infringement of the '844 Patent and will continue to be damaged by such infringement. Intellectual Ventures is entitled to recover damages from Defendant to compensate them for Defendant's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

63. Further, Assurant's infringement of Intellectual Ventures II's rights under the '844 Patent will continue to damage Intellectual Ventures II's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

64. As a result of Defendant's acts of infringement, Intellectual Ventures II has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

Defendants and Counterclaim-Plaintiffs request that the Court enter judgment:

(A) that Assurant infringes the asserted counterclaim patents;

(B) awarding damages sufficient to compensate Defendants for Assurant's past infringement under 35 U.S.C. § 284;

(C) awarding a reasonable royalty sufficient to compensate Defendants for Assurant's continuing or future infringement, from the date of judgment through expiration of the counterclaim patents, as justified under 35 U.S.C. § 284;

(D) finding this case exceptional under 35 U.S.C. § 285 and awarding Defendants their reasonable attorneys' fees;

(E) awarding its costs and expenses incurred in this action;

(F) awarding pre-judgment and post-judgment interest; and

(G) granting such further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

**DEFENDANTS/COUNTERCLAIM-PLAINTIFFS HEREBY DEMAND TRIAL BY JURY OF ALL CLAIMS SO TRIABLE UNDER FEDERAL RULE OF CIVIL PROCEDURE 38.**

Dated: May 26, 2026

Respectfully submitted,

FARNAN LLP

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Attorneys for Defendants
*Intellectual Ventures I LLC*
*Intellectual Ventures II LLC*
*Callahan Cellular L.L.C.*

Of Counsel:

Jonathan K. Waldrop
Darcy L. Jones
Marcus A. Barber
John Downing
Heather S. Kim
ThucMinh Nguyen
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Dr., Suite 200
Redwood Shores, CA 94065
Tel. (650) 453-5170
Fax. (650) 362-9302
JWaldrop@kasowitz.com
DJones@kasowitz.com
MBarber@kasowitz.com
JDowning@kasowitz.com
HKim@kasowitz.com
TNguyen@kasowitz.com

Paul G. Williams
KASOWITZ BENSON TORRES LLP
1230 Peachtree Street, N.E., Suite 2445
Atlanta, Georgia 30309
Tel. (404) 260-6080
Fax. (404) 260-6081
PWilliams@kasowitz.com