# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **ASSURANT, INC.,** | |
| *Plaintiff,* | **C.A. No. 24-cv-00344-GBW** |
| **v.** | |
| **INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, and CALLAHAN CELLULAR L.L.C.,** | |
| *Defendants.* | |

**[PROPOSED] SCHEDULING ORDER [PATENT]**

This __ day of May, 2026, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

> **1.    Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard.**

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) by _____. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which

**Formatted:** DocID

LEGAL/51329182v1

is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is incorporated herein by reference.

By September 30, 2026, the parties shall jointly submit a proposed ESI protocol.

**2.    Joinder of Other Parties and Amendment of Pleadings.**

All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before _____. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 4(g) and 5.

**3.    Disclosures.**

Absent agreement among the parties, and approval of the Court:

(a)    By _____, the party claiming infringement shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). The party claiming infringement shall also produce the file history for each asserted patent.

(b)    By_____, the party opposing infringement shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. The party

2

opposing infringement shall also produce sales figures, if any, for the accused product(s).

(c) By_____, the party claiming infringement shall produce initial infringement contentions, including an initial claim chart(s) relating each known accused product to the asserted claims each such product allegedly infringes. The initial contentions shall also contain the following information:

(i) Each claim of each asserted patent that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

(ii) For each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(iii) For each claim alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

(iv) Whether each limitation of each asserted claim is alleged to be present in the Accused Instrumentality literally or under the doctrine of equivalents;

3

(v) For any patent that claims priority to an earlier application, the priority date to which each asserted claim is alleged to be entitled;

(vi) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim ("Embodying Instrumentality");

(vii) The timing of the point of first infringement, the start of claimed damages, and the end of claimed damages; and

(viii) If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

With the disclosure of its preliminary infringement contentions, the party claiming infringement shall produce to the party opposing infringement or make available for inspection and copying:

> **Formatted:** Indent: First line: 0.5"

> **Commented [CEB1]:** Largely adopted from *Viasat, Inc. v. Intellectual Ventures I LLC, et al.*, No. 25-056-CFC Dkt. 45 (May 15, 2025).

    i. Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or

> **Formatted:** DocID, Left

each sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the asserted patent(s);

ii. All documents evidencing conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the asserted patent(s) or the priority date identified pursuant to paragraph 3(f) of this Order, whichever is earlier;

iii. All documents evidencing ownership of the patent rights by the party asserting patent infringement;

iv. If a party identifies Embodying Instrumentalities as described above, documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims;

v. All agreements, including licenses, transferring an interest in any asserted patent;

vi. All agreements that Intellectual Ventures contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation;

**Formatted:** DocID, Left

5

vii.  All agreements that otherwise may be used to support Intellectual Ventures' damages case;

viii.  All invalidity contentions and prior art references from third parties related to the asserted patent(s) that are in Intellectual Ventures' possession, custody, and control; and

(c)ix.  All documents comprising or reflecting a F/RAND commitment or agreement with respect to the asserted patent(s).

(d)    By_____, the party opposing infringement shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references. The initial invalidity contentions shall contain the following information:

(i)    The identity of each item of prior art that the party alleges anticipates each asserted claim or renders the claim obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and, where feasible, author and publisher. Each alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person(s) or entity(ies) that made the use or made and received the offer, or the person(s) or entity(ies) that made the information known or to whom it was made known. For

6

pre-AIA claims, prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. For pre-AIA claims, prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entity(ies) involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(ii) Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness; and

(iii) Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(b), or lack of enablement or insufficient written description under 35 U.S.C. § 112(a) of any of the asserted claims.

With its initial invalidity contentions, Assurant shall produce or make available for inspection or copying:

i. A copy or sample of the prior art identified that does not appear in the file history of the patent(s) at issue. To the extent such item is not in English, an English translation of the portion(s) relied upon shall be produced;

7

ii.  All agreements that Assurant contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation; and

(d)iii.  All agreements that may be used to support the damages case of Assurant.

> **Formatted:** List Number 2, Numbered + Level: 1 + Numbering Style: i, ii, iii, … + Start at: 1 + Alignment: Right + Aligned at:  1.38" + Indent at:  1.5"

(e)    By_____, the party claiming infringement shall provide final infringement contentions.

(f)    By_____, the party opposing infringement shall provide final invalidity contentions.

### 4.    Discovery.

Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules of Civil Procedure shall be strictly observed.

(a)    Fact Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before _____.

(b)    Document Production. Document production shall be substantially complete by _____.

(c)    Requests for Admission. A maximum of 50 25 requests for admission are permitted for each side.

(d)    Interrogatories.

8

> **Formatted:** DocID, Left

(i)      A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

(ii)      The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e)      Depositions.

(i)      Limitation on Hours for Deposition Discovery. Each side is limited to a total of ~~100~~ 70 hours of taking testimony by deposition upon oral examination.

(ii)      Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

(f)      Disclosure of Expert Testimony.

Formatted: DocID, Left

9

(i)      Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before _____. Reply expert reports from the party with the initial burden of proof are due on or before _____. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

(ii)      Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

(iii)      Expert Discovery Cut-Off. All expert discovery in this case shall be initiated so that it will be completed on or before _____.

(g)      Discovery Matters and Disputes Relating to Protective Orders.

**Formatted:** DocID, Left

10

(i)    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

(ii)    Should counsel find, after good faith efforts – including verbal communications among Delaware and Lead Counsel for all parties to the dispute – that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

Dear Judge Williams:

The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s): _____

Delaware Counsel: _____,

Lead Counsel: _____

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

(iii)    On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its

11

LEGAL/51329182v1

Formatted: DocID, Left

position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

(iv) Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

(v) Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

### 5. Motions to Amend.

(a) Any motion to amend (including a motion for leave to amend) a pleading shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

(b) Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

**Formatted:** DocID, Left

LEGAL/51329182v1

(c)    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

## 6.    Motions to Strike.

(a)    Any motion to strike any pleading or other document shall **NOT** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

(b)    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

(c)    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

## 7.    Technology Tutorials.

Unless otherwise ordered by the Court, the parties jointly shall provide the Court, no later than the date on which the Joint Claim Construction Chart is due, a tutorial on the technology at issue. In that regard, the parties shall jointly submit to the Court an electronic tutorial of not more than thirty (30) minutes. The tutorial should focus on the technology in issue and educate the Court about the same and should not be used

**Formatted:** DocID, Left

13

for argument. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial ("mpeg", "quicktime", etc.). The parties may choose to file their tutorial under seal, subject to any protective order in effect.

**8.    Claim Construction Issue Identification.**

On or before _____, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). On or before _____, the parties shall respond to and provide their proposed construction for any term(s)/phrase(s) presented by the other side for which the party did not initially provide a construction. These documents will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than _____. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to gbw_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this

**Formatted:** DocID, Left

14

LEGAL/51329182v1

Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

### 9. Claim Construction Briefing.

Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on _____. Defendant shall serve, but not file, its answering brief not to exceed 7,500 words, on _____. Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, on _____. Defendant shall serve, but not file its sur-reply brief, not to exceed 2,500 words, on _____. No later than _____, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below

### JOINT CLAIM CONSTRUCTION BRIEF

I.    Agreed-Upon Constructions

II.    Disputed Constructions

[TERM 1]

    1.    Plaintiff's Opening Position

    2.    Defendant's Answering Position

    3.    Plaintiff's Reply Position

    4.    Defendant's Sur-Reply Position

[TERM 2]

    5.    Plaintiff's Opening Position

15

LEGAL/51329182v1

Formatted: DocID, Left

6.      Defendant's Answering Position

7.      Plaintiff's Reply Position

8.      Defendant's Sur-Reply Position

If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

## 10.      Hearing on Claim Construction.

Beginning at ____ .m. on _____, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

**Formatted:** DocID, Left

16

LEGAL/51329182v1

### 11.    Interim Status Report.

On _____, counsel shall submit a joint letter to the Court with an interim report of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

### 12.    Supplementation.

Absent agreement among the parties, and approval of the Court,

(a)    no later than _____ the patentee must finally supplement the identification of all accused products and serve final infringement contentions; and

(b)    no later than _____ the accused infringers must finally supplement the identification of all invalidity references and serve final invalidity contentions.

### 13.    Case Dispositive Motions.

(a)    All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before _____ [a date approximately four months prior to the pretrial conference, the four months being calculated from the conclusion of the briefing]. ~~Briefing will be presented pursuant to the Court's Local Rules~~Any response brief shall be filed one month after the opening brief is filed. Any reply brief shall be filed two weeks after the response

Formatted: DocID, Left

17

LEGAL/51329182v1

brief is filed. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

(b)    Concise Statement of Facts Requirement. Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing

18

LEGAL/51329182v1

Formatted: DocID, Left

party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

(c)    Page limits combined with *Daubert* motion page limits. Each party is permitted to file as many case dispositive motions as desired provided, however, that each **SIDE** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each **SIDE**.[1]

---

[1] The parties must work together to ensure that the Court receives no more than a *total* of *250 pages* (*i.e.*, $50 \pm 50 \pm 25$ regarding one side's motions, and $50 \pm 50 \pm 25$ regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling

19

Formatted: DocID, Left

(d) <u>Ranking of Summary Judgment Motions.</u> Any party that files more than one summary judgment motion shall number each motion to indicate the order in which the party wishes the Court to review its pending motions. The first motion the party wishes the Court to consider shall be designated #1, the second motion shall be designated #2, and so on. The Court will review the party's summary judgment motions in the order designated by the party. If the Court decides to deny a motion filed by the party, barring exceptional reasons determined *sua sponte* by the Court, the Court will not review any lower ranked summary judgment motions filed by the party.

### 14.    **Applications by Motion.**

Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

### 15.    **Application to Court for Protective Order.**

Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by _____. Should counsel be

---

order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

20

Formatted: DocID, Left

unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 4(g) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

### 16.    Papers Filed Under Seal.

In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

### 17.    Courtesy Copies.

The parties shall provide to the Court two (2) courtesy copies of filings (*i.e.*, briefs, appendices, exhibits, declarations, affidavits etc.). Courtesy copies of appendices and exhibits should include hard tabs. This provision also applies to papers filed under seal.

**Formatted:** DocID, Left

21

LEGAL/51329182v1

**18.  Motions in Limine.**

Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

**19.  Pretrial Conference.**

On _____, the Court will hold a pretrial conference in Court with counsel beginning at ___ .m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the

22

LEGAL/51329182v1

Formatted: DocID, Left

pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

### 20. Jury Instructions, Voir Dire, and Special Verdict Forms.

Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven (7) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to gbw_civil@ded.uscourts.gov.

### 21. Trial.

This matter is scheduled for a 5-day jury trial beginning at 9:30 a.m. on _____, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

**Formatted:** DocID, Left

23

LEGAL/51329182v1

## 22.    Judgment on Verdict and Post-Trial Status Report.

Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

## 23.    Post-Trial Motions.

Unless otherwise ordered by the Court, all **SIDES** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

## 24.    ADR Process.

This matter may be referred to a magistrate judge to explore the possibility of alternative dispute resolution if the parties jointly request such a referral.

The Honorable Gregory B. Williams
United States District Judge

24

**Formatted:** DocID, Left

Counsel Shall Provide a Chart of All Relevant Deadlines

| EVENT | DEADLINE |
|---|---|
| Exchange of Rule 26(a)(1) Initial Disclosures | ~~June 4, 2026~~Within fourteen (14) days of the entry of the Scheduling Order. |
| Application to Court for Protective Order | ~~June 25, 2026~~Within thirty (30) days of entry of the Scheduling Order. |
| Parties to file proposed ESI Protocol. | September 30, 2026 |
| Identification of asserted patents, accused products, and damages model; production of file histories | July 9, 2026 |
| Production of core technical documents and sales figures for accused products | August 6, 2026 |
| Initial infringement claim chart | September 10, 2026 |
| Initial invalidity contentions | October 22, 2026 |
| Exchange list of claim term(s)/phrase(s) and proposed construction(s) | ~~November 5, 2026~~January 8, 2027 |
| Respond and provide construction for any term(s)/phrase(s) presented by other side for which the party did not initially provide a construction | ~~November 19, 2026~~February 5, 2027 |
| Joinder of Other Parties and Amendment of Pleadings | December 10, 2026 |
| Joint Claim Construction Chart & Technology Tutorials | ~~January 7, 2027~~February 26, 2027 |
| Plaintiff's/Counterclaim Defendants' Opening Claim Construction Brief | ~~February 11, 2027~~March 26, 2027 |
| Defendants'/Counterclaim Plaintiffs' Answering Claim Construction Brief | ~~March 18, 2027~~April 23, 2027 |
| Plaintiff's/Counterclaim Defendants' Reply Claim Construction Brief | ~~April 15, 2027~~May 21, 2027 |
| Defendants'/Counterclaim Plaintiffs' Sur-reply Claim Construction Brief | ~~May 13, 2027~~June 18, 2027 |
| Joint Claim Construction Brief | ~~May 27, 2027~~June 25, 2027 |

**Formatted:** DocID

| EVENT | DEADLINE |
|---|---|
| Hearing on Claim Construction | To Be Set By The Court |
| ~~Document Production Cutoff~~Parties to substantially complete document production | August 19, 2027 |
| Final infringement contentions | ~~September 16, 2027~~February 25, 2028 |
| Final invalidity contentions | ~~October 14, 2027~~March 24, 2028 |
| Interim Status Report | November 4, 2027 |
| Fact Discovery Cutoff | ~~January 20, 2028~~February 25, 2028 |
| Opening Expert Report for party with initial burden of proof | ~~March 2~~April 12, 2028 |
| Expert Report/supplemental disclosure to contradict or rebut evidence on the same matter identified by another party | May 12~~April 13~~, 2028 |
| Reply Expert Report from the party with the initial burden of proof | ~~May~~ June 12~~11~~, 2028 |
| Deadline to Complete Expert Depositions | Jul~~yne 16~~21, 2028 |
| Deadline for Case Dispositive and *Daubert* Motions [a date approximately four months prior to the pretrial conference, the four months being calculated from the conclusion of the briefing] | ~~July 20, 2028~~September 15, 2028 |
| Opposition Briefs to Case Dispositive and *Daubert* Motions | ~~August 17, 2028~~One month after opening brief |
| Reply Briefs to Case Dispositive and *Daubert* Motions | ~~September 7, 2028~~Two weeks after answering brief |
| Joint Proposed Final Pretrial Order [including motions *in limine*], proposed voir dire, preliminary jury instructions, final jury instructions, special verdict forms | 7 days before Pretrial Conference |
| Pretrial Conference | To Be Set By The Court |
| Trial | ~~January~~ June 2029 |

2

**Formatted:** DocID, Left

| EVENT | DEADLINE |
|-------|----------|
| Judgment on verdict and post-trial status report | 7 days after a jury returns a verdict in any portion of a jury trial |

**Formatted:** DocID, Left

3

LEGAL/51329182v1