**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| ASSURANT, INC. | | |
| *Plaintiff*, | | C.A. No. 24-344-GBW |
| v. | | |
| INTELLECTUAL VENTURES I LLC, INTELLECTUAL VENTURES II LLC, and CALLAHAN CELLULAR L.L.C., | | **JURY TRIAL DEMANDED** |
| *Defendants*. | | |

**LETTER TO THE HONORABLE GREGORY B. WILLIAMS FROM
KELLY E. FARNAN DATED JUNE 2, 2026 REGARDING
<u>DISPUTED SCHEDULING ORDER</u>**

Steven J. Fineman (#4025)
Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-770
fineman@rlf.com
farnan @rlf.com
metzler@rlf.com

Date:  June 2, 2026                                      *Attorneys for Plaintiff Assurant, Inc.*

Dear Judge Williams:

Assurant respectfully sets forth its position regarding the disputed proposed Scheduling Order below. The parties' dispute pertains to initial infringement and invalidity contentions, and related disclosures, as set forth in proposed Paragraphs 3(e)(i)-(ix) and 3(f)(i)-(iv). *See* D.I. 32-1 at 2-6. The primary issue is whether licenses to the asserted patents and prior art already known to—and possessed by—IV should be produced. These disclosures bear directly on exhaustion (including whether IV has already licensed the technology it now accuses of infringing), as well as damages and invalidity. As set forth below, requiring these disclosures now will help avoid future discovery disputes concerning asserted-patent licenses—disputes that have already arisen, and been resolved against IV, in other cases involving these same patents.

### A.  Early disclosures pose minimal additional burden to IV.

Any incremental burden from Assurant's proposed disclosures is modest and well within what courts routinely require at the contention stage—particularly from frequent litigants. The information Assurant seeks—licenses to the asserted patents and related prior art—is plainly relevant. Indeed, IV has been subject to similar requirements in another pending case before this Court, confirming that these disclosures are feasible and appropriate for this case. *See Viasat, Inc. v. Intellectual Ventures I LLC, et al.*, No. 25-056-CFC D.I. 45 (May 15, 2025 D. Del.).

Further, IV has already collected and produced these same categories of materials in parallel litigations involving the same patents and accused technologies. *See, e.g.*, *Intellectual Ventures I, LLC, et al. v. Liberty Mut. Holding Co., et al.*, No. 2:23-cv-00525, D.I. 1 (E.D. Tex. Nov. 15, 2023) (asserting infringement of U.S. Patent Nos. 8,332,844; 7,712,080; and 7,949,785 by the same software and functionality at issue in this case). As this Court noted in its recent Order denying IV's motion to dismiss, there have been numerous cases brought by IV on the same patents, including several that remain pending. *See* D.I. 22 at 8-9. IV's infringement theories substantially overlap across cases. *Compare, e.g.,* D.I. 31 (Counterclaim Counts I-III) *with Intellectual Ventures I LLC et al. v. Am. Airlines, Inc.*, No. 4:24-cv-00980 D.I. 84 (Amended Complaint, Counts I, III, and VII and corresponding exhibits) (E.D. Tex. Nov. 2, 2024). For example, in both the present case and the *American Airlines* case, IV accuses Docker of infringing the '844 Patent, Kubernetes of infringing the '785 Patent, and Spark of infringing the '080 Patent. *See id.*

Finally, Assurant's proposal is reciprocal and not directed solely at IV: Assurant would be subject to corresponding licensing-related disclosures, including identifying licenses it believes are comparable to the asserted patents. *See* D.I. 32-1 at ¶¶ 3(f)(i)-(iv).

### B.  Early disclosures will streamline the case.

Early production may permit prompt resolution of exhaustion issues, and potentially entire patents or this case, before the parties and the Court expend significant resources on claim construction and broader discovery. Other courts similarly recognize the benefit of early

disclosures, particularly in cases involving non-practicing entities. *See, e.g.*, *Straight Path IP Group, Inc. v. Apple Inc.*, 2016 WL 8729942, *3 n.2 (N.D. Cal. Oct. 21, 2016) (noting how that court's Patent L.R. 3-1 requires "detailed infringement contentions *after* the initial case management conference," while also providing that "[t]he Federal Trade Commission recently identified the 'early' disclosure required by Patent L.R. 3-1 as one effective means for controlling the asymmetries in discovery costs in infringement suits brought by patent assertion entities.") (emphasis in original) (citing Federal Trade Commission, Patent Assertion Entity Activity 10 n.21 (Oct. 2016)).

Because IV's own pleadings carve out licensed activity, identification of licensees is not merely relevant, but central to defining the scope of the case itself. The production of licenses bears directly on Assurant's potentially dispositive exhaustion defense, and will also permit the parties to advance their damages positions through early disclosure of licenses covering the asserted patents. IV itself acknowledges the potential for exhaustion in its own counterclaims. *See* D.I. 31 Ex. 4 at 2, n. 1 ("Defendants do not accuse the public clouds of Plaintiff to the extent those services are provided by a cloud provider with a license to Defendants' patents that covers Plaintiff's activities."); *see also id.* Ex. 5 at 2, n. 1 (same); Ex. 6 at 2, n. 1 (same). Assurant is entitled to discovery concerning whether any providers of accused technology have been licensed by IV, and there is no basis for IV to withhold that information until later in this case. Since the benefits of early license disclosures—to the Court and the parties—substantially outweigh any minimal burden on IV to produce licenses that it has already gathered and produced in other cases, the Court should adopt Assurant's proposed additional disclosures of licenses to one or more of the asserted patents.

Assurant also seeks early production of prior art and corresponding invalidity positions that IV has received in other cases and through its licensing correspondence with third parties. Permitting IV to withhold that information now, only to produce it later, will likely result in serial amendments to invalidity contentions. The burden of compliance is also minimal: as with its licenses, IV will have these readily available from other cases, so it does not face a significant burden to produce them. *See* D.I. 32-1 (Proposed Disputed Scheduling Order) at ¶ 3(e)(ix)(8). Requiring production now will allow Assurant, to the extent possible, to address this art in its initial invalidity contentions.

### C. Early disclosures will avoid needless discovery disputes.

Requiring the production of license agreements by the Court's scheduling order will help avoid future discovery disputes caused by IV withholding information it should produce. Indeed, IV has previously withheld relevant licenses for over a year from filing the complaint, which resulted in the Eastern District of Texas compelling IV to produce all license agreements within three weeks. *See* Ex. A (*Intellectual Ventures I, LLC, et al. v. Am. Airlines, Inc.*, No. 4:24-cv-00980-ALM D.I. 100 at 15:4-6 (E.D. Tex. Dec. 9, 2025) (Reporter's Transcript of Telephone Conference)); *see also* Ex. B (*Viasat, Inc. v. Intellectual Ventures I LLC, et al.*, No. 1:25-cv-

00056-CFC D.I. 60 at 20:25-21:17 (D. Del. July 14, 2025) (Official Transcript of Hearing) (finding that if IV did assert counterclaims, per the entered scheduling order "all the licenses have to be turned over, and expeditiously, so that we can address standing issues very quickly.").

Requiring IV to produce all of the licenses to one or more of the asserted patents now, as opposed to some undetermined time in the future, would preserve judicial and party resources by foreclosing the possibility that IV will again withhold relevant licenses until a litigation opponent is forced to brief, and a court is forced to order, their production.

During the parties' meet and confer, IV mentioned that there may exist notice provisions in relevant license agreements that require advance notice before the production of licenses. IV has previously argued in other cases that these provisions caused delay in producing relevant agreements. *See* Ex. A (*Intellectual Ventures I, LLC, et al. v. American Airlines, Inc.*, No. 4:24-cv-00980-ALM D.I. 100 at 12:11-15 (E.D. Tex. Dec. 9, 2025) (Reporter's Transcript of Telephone Conference). That objection may be obviated by the Court ordering production as part of IV's disclosures. Moreover, IV would still have over three months from the date of this letter to provide notice to any necessary third parties by Assurant's proposed September 10, 2026, date. *See* Ex. A at ¶¶ 3(c) and 3(e).

### D. IV has failed to identify any burden or prejudice that would result from the early disclosures.

IV has not identified any concrete burden that would justify delaying production of concededly relevant information. The only reason IV has identified to withhold relevant licenses until later in fact discovery is the notice argument addressed above in connection with the parties' May 26 meet and confer. Assurant provided an earlier draft of this letter on May 28 and proposed that the parties jointly submit their positions to the Court. *See* Ex. C (Email Correspondence May 28, 2026) at page 4 out of 12. IV did not disclose its position in response, and instead indicated it would be amenable to asking the Court if it would permit written submissions on this dispute. *See* Ex. C at page 3 out of 12. Assurant asked for IV's position and offered to further meet and confer on these issues on June 1, but IV did not respond to Assurant's request. *See* Ex. D (Email Correspondence June 1, 2026) at page 2 of 4. To the extent IV raises additional issues that Assurant has not had an opportunity to address, Assurant believes any such burden is outweighed by the significant benefits that would accompany early production of licenses and known invalidity materials. For these reasons, Assurant respectfully requests that the Court adopt its proposed schedule.

Sincerely,

*/s/ Kelly E. Farnan*

Kelly E. Farnan (#4395)