# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I, LLC, ET AL. | \| DOCKET 4:24-CV-980 |
| | \| DECEMBER 2, 2025 |
| VS. | \| 9:30 A.M. |
| AMERICAN AIRLINES, INC. | \| SHERMAN, TEXAS |

-------------------------------------------------------------

VOLUME 1 OF 1, PAGES 1 THROUGH 20

<u>REPORTER'S TRANSCRIPT OF TELEPHONE CONFERENCE</u>

BEFORE THE HONORABLE AMOS L. MAZZANT, III
UNITED STATES CHIEF DISTRICT JUDGE

-------------------------------------------------------------

APPEARANCES:

FOR THE PLAINTIFFS:     JONATHAN H. HICKS
                        HEATHER S. KIM
                        KASOWITZ, LLP
                        101 CALIFORNIA STREET, SUITE 3950
                        SAN FRANCISCO, CA 94111

                        ALLEN GARDNER
                        ALLEN GARDNER LAW, PLLC
                        609 SOUTH FANNIN
                        TYLER, TX 75701


COURT REPORTER:         CHRISTINA L. BICKHAM, CRR, RDR
                        FEDERAL OFFICIAL REPORTER
                        101 EAST PECAN
                        SHERMAN, TX 75090



    PROCEEDINGS RECORDED USING MECHANICAL STENOGRAPHY;
    TRANSCRIPT PRODUCED VIA COMPUTER-AIDED TRANSCRIPTION.

FOR THE DEFENDANT:        JOHN B. CAMPBELL
                          MCKOOL SMITH, P.C.
                          303 COLORADO STREET, SUITE 2100
                          AUSTIN, TX 78701

                          CASEY SHOMAKER
                          MCKOOL SMITH, P.C.
                          300 CRESCENT COURT, SUITE 1200
                          DALLAS, TX 75201

(Open court, all parties present via telephone.)

THE COURT: Good morning. This is Judge Mazzant, and we're here in case 4:24-cv-980. You've already made your appearances for the record. Again, as my staff has indicated, please identify yourself every time you speak so we get a good record.

I think you both may have had issues, so whoever initiated the call initially, if you want to go tell -- well, I guess we'll start with the plaintiff if you want to tell me what the issue is from your side, and we'll get going.

MR. HICKS: Good morning, your Honor. This is Jonathan Hicks with Kasowitz.

The issue that I.V. would like to present today is simply that American is refusing to produce pre-filing discovery relating to the accused instrumentalities. In other words, American's production is limited in scope to only the accused functionalities as they existed as of the filing date of the original Complaint, or in this case the Amended Complaint where additional patents were asserted for the first time. Because this presuit discovery is relevant, which is the test that applies here, American should be, respectfully, compelled to produce it.

Your honor, if I may, I believe some background may be of help here. The original Complaint was filed in

Case 2:24-cv-00948-JRG-RSP   Document 85-10   Filed 06/20/25   Page 5 of 47 PageID #: 6914

at the end of the call about how soon y'all can submit those, but --

And then my understanding -- Mr. Campbell, did American have an issue, too?

MR. CAMPBELL:  We actually have two issues, your Honor, and so I'm happy to start with the first one.

THE COURT:  Yes, go ahead.

MR. CAMPBELL:  Okay.  So the first one relates to production of licenses.  We just talked about there being a number of licenses and the lack of marking there and the pleading requirement.  But the licenses, many of them haven't been produced.

And so a little background here.  I.V. filed this case over a year ago, last November, and in its Complaint it acknowledged that it knew the case would be limited because licenses existed that were going to limit what was within the scope of the case, and in the Complaint they said they would produce those licenses.

And now it's 13 months later and we have a handful of licenses, but we still don't have all of the licenses. And we need to get those to -- you know, as I.V. acknowledged in their Complaint, it cabins the scope of this case to very little, to be honest.

And so, at a minimum, what we've asked I.V. to do is, say, that they -- they produce two categories of

licenses that I can't imagine there is any dispute that are relevant. And one is any licenses that include rights to any of the patents-in-suit or a patent in a family within a patent-in-suit or, again, many of these accusations relate to open-source and standards-based technology, so any license that relates to any of the accused technology.

Now, what we've gotten back is I.V. apparently has some sort of internal rating system to rate their licenses. I can't say I understand it. It's not really -- it doesn't really matter. It's not the standard for discovery. The standard, obviously, is what's relevant, and licenses that go to patents-in-suit or to accused technologies are clearly relevant.

And we haven't even seen the licenses that are to our suppliers that I.V. acknowledged existed in the Complaint. We've seen a few of them but not all of them.

And so what we -- we may have additional issues once we start receiving some of these licenses, that more may -- we may need to ask for. But at this point, all we're asking is for the Court to order that any license that includes rights to any of the 12 patents-in-suit or a patent in the same family be produced and any license that relates to the accused technology here, that those be produced as well.

THE COURT: Response?

MR. HICKS:  Thank you, your Honor.  This is Jonathan Hicks again on behalf of plaintiff, with the Kasowitz firm.

Your Honor, to address one of American's points here, I.V. has produced licenses in this matter.  In fact, last night -- I checked last night to make sure I'm speaking accurately here.  It has produced 15 licenses, and I believe that those licenses produced specifically cover the licenses that are mentioned in I.V.'s infringement contentions.

I do believe that there are other licenses that I.V. intends to produce that are subject to notice requirements.  I have another colleague on the line who can provide an update on that to the extent the Court would like one.

As to the more substantive point, the scope of the production, I.V. is and has been collecting licenses where the asserted patents have been -- or were directly involved with a transaction with a licensee as well as any patents that are -- were mentioned, for example, and relate to a transaction involving a licensee.

And I apologize, your Honor.  I'm being careful here because some of this information is our client's confidential information, in terms of how our client goes about identifying what it believes are relevant licenses.

Case 2:24-cv-00348-JRG-RSP Document 85-10 Filed 06/20/25 Page 8 of 47 PageID #: 49
6917

And so those categories of licenses have been and are in the process of being produced.

In terms of licenses beyond that, American mentioned, for example, licenses that relate to the accused technologies. You know, in terms of scope, how to figure out even how to go about collecting those kinds of licenses, I'm not really sure, your Honor. I'm not sure if I, quite frankly, understand that point.

What we've done is we've started with the asserted patents as well as any patents that are, for example, in the same family and identified those licenses and produced them and are in the process of collecting and producing those licenses.

So I believe we have addressed American's points, your Honor, but I don't know if you have any questions for us.

THE COURT: Well, how soon -- you said there are still some more patents -- or licenses that you're going to produce. When will those be produced?

MR. HICKS: Yes, your Honor. I believe my colleague is on the line, Ms. Jessica Ohn (phonetic), who can provide a more specific detail -- sorry. I'm getting information here, on the feed here. I'm being told approximately three weeks to a month to produce the remaining licenses.

Case 1:24-cv-00348-GALM Document 85-10 Filed 06/20/25 Page 9 of 47 PageID #: 50 6918

THE COURT: So, Mr. Campbell, why is that not sufficient? It sounds like they're going to produce them all.

MR. CAMPBELL: Your Honor -- thank you, your Honor. This is John Campbell.

Your Honor, again, this case was filed last November and they recognized that this was going to cabin the scope of the case, and, in fact, there is going to be very little relevant in this case once those licenses are produced. And so we've been hearing this for over a year, and it's very relevant to determine, you know, what's in the case, to a lot of defenses.

And we keep hearing, oh, we've got to give notice, you know, three more weeks, three more weeks, three more weeks, three more weeks -- and now the Court's hearing three weeks -- even though the Complaint was filed acknowledging these are relevant and needed to be produced and needed to be taken into consideration in the scope of this case. With that acknowledgment, they should have been collected and ready to go with the filing of the Complaint, and we're 13 months later and we're hearing three more weeks.

THE COURT: Okay.

MR. CAMPBELL: So, you know, look, if we actually believed it was three more weeks or it was ordered to be

within three weeks, you know, I think that's fine.  There is still a little bit of discovery left.  But we just keep hearing three more weeks, three more weeks.

THE COURT:  Well, I'll solve that.  I mean, I'm going to order them to be produced within three weeks from today, which would be December 23rd, by 5:00 p.m.

Okay.  What's next for American?

MR. CAMPBELL:  Yes, your Honor.  So the second issue is we have sent subpoenas to -- deposition subpoenas to the inventors on these patents to talk to them about their inventions, and we've been having issues getting those scheduled, with I.V. canceling those depositions, but that's not the issue for today.

The issue for today is that for one of the inventors, I.V. has told us that the inventor has told them -- and we understand there's emails to this effect -- that he has health issues and doesn't want to sit for a deposition.  And, of course, we don't want to burden anyone if they have health issues and they -- if sitting for a deposition is seriously, you know, just not possible.  But if it can be -- if accommodations can be made, something can be worked out, then we do want to, you know, see what we can do.

And so at this point, all we've asked for -- and we sent a subpoena to this -- is provide us the

5:00 o'clock on December 10th; is that correct?

THE COURT:  Correct.

MR. CAMPBELL:  Okay, yeah.  Just wanted to make sure I understood that it was simultaneous.

No, your Honor.  That's all I have for today.  Thank you for your time.

THE COURT:  Okay.  Well, thank you very much, and I hope you have a good day.  Thank you.

(Proceedings concluded, 9:55 a.m.)

COURT REPORTER'S CERTIFICATION

I HEREBY CERTIFY THAT ON THIS DATE, DECEMBER 4, 2025, THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS.

                    /s/_____
                    CHRISTINA L. BICKHAM, CRR, RDR

# Exhibit B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

VIASAT, INC.,                    )
                                 )
          Plaintiff,             )
                                 )  C.A. No. 25-056-CFC
  v.                             )
                                 )
INTELLECTUAL VENTURES I LLC      )
AND INTELLECTUAL VENTURES II     )
LLC,                             )
                                 )
          Defendant.             )
                                 )


                          Friday, July 11, 2025
                              9:04 a.m.
                           Oral Argument



                          844 King Street
                        Wilmington, Delaware


   BEFORE: THE HONORABLE COLM F. CONNOLLY
   United States District Court Judge



   APPEARANCES:


               SHAW KELLER
               BY:  KAREN E. KELLER, ESQ.
               BY:  NATHAN HOESCHEN, ESQ.

               -and-

APPEARANCES CONTINUED:


            WARREN KASH WARREN LLP
            BY:  MATTHEW S. WARREN, ESQ.
            BY:  ERIKA H. WARREN, ESQ.
            BY:  MADELINE A. WOODALL, ESQ.


                    Counsel for the Plaintiff



            FARNAN LLP
            BY:  BRIAN E. FARNAN, ESQ.

            -and-

            KASOWITZ LLP
            BY:  JONATHAN K. WALDROP, ESQ.
            BY:  JOHN DOWNING, ESQ.

                    Counsel for the Defendants










            _ _ _ _ _ _ _ _ _ _


              P R O C E E D I N G S


     (Proceedings commenced in the courtroom beginning at
9:04 a.m.)

            **THE COURT:**  Good morning.  Please be seated.

            **MR. HOESCHEN:**  Good morning, Your Honor.

Nathan Hoeschen from Shaw Keller here on behalf of plaintiff, Viasat, Inc., and with me at counsel table is Matthew Warren and Erika Warren from Warren Kash Warren, and behind them is Madeline Woodall, also from Warren Kash Warren, and my partner, Karen Keller.

**THE COURT:** All right. Good morning. Mr. Farnan.

**MR. FARNAN:** Good morning, Your Honor.

**THE COURT:** Good morning.

**MR. FARNAN:** Brian Farnan on behalf of Intellectual Ventures. With me today is John Downing. John Waldrop all from Kasowitz

**THE COURT:** Thank you.

So the first thing I need to tackle is the disclosure order. It does not meet, the disclosure statement does not satisfy my disclosure order. And this is a good example of a case that shows that my disclosure order is not purely academic.

The disclosure statement, and I'm talking about of the defendant, it does disclose some ownership. For instance, it discloses corporations that are in the, quote, "ultimate parent," I'm quoting the disclosure statement, that own more than 10 percent of the particular either limited partnership or non-managing member of the LLC, in the case of the two different

disclosure, and no one is going to question the legitimacy of my adjudication of the case.

All right.  Great.

**MS. WARREN:**  Thank you, Your Honor.

**THE COURT:**  In that case, we've got a motion to compel to address.

**MR. HOESCHEN:**  Good morning, Your Honor.

**THE COURT:**  Good morning.

**MR. HOESCHEN:**  Nathan Hoeschen again on behalf of plaintiff Viasat.  I will be handling the discovery disputes today.

Unless Your Honor has another preference, I was just going to go in the order they were briefed, beginning with the license production issue.  We also had a protective order dispute.

**THE COURT:**  Yeah.  The license production issue, let's do that.

**MR. HOESCHEN:**  Okay.

**THE COURT:**  Let me ask you this, because what this case has made me realize is that I have, in a way, contributed to the dispute, perhaps, because I realize I really don't have a form scheduling order that addresses this type of case.

**MR. HOESCHEN:**  Yes, I don't believe any of the judges have a particular declaratory judgment

scheduling order.

**THE COURT:** Right. I thought I did. That's the funny thing. Because when I issued my scheduling order, I didn't have a lot of experience in patent cases.

So I had intended that my form order for non-*Hatch-Waxman* cases in which only the invalidity is alleged, I had intended that to be the appropriate scheduling form for a case like this because I didn't know enough to think, well, somebody may, like you, your client, seek a DJ for non-infringement. And I realize that there's a gap. So I've got to correct that.

Did you all discuss that when you kind of figured out what kind of form order to use?

**MR. HOESCHEN:** Well, we had -- as Your Honor is aware, we did base this -- it exactly mirrors your normal non-*Hatch-Waxman* case where infringement is alleged.

**THE COURT:** Right.

**MR. HOESCHEN:** And given that it was -- you know, our DJ is for non-infringement, we think the only sensible manner to go forward was to have infringement contentions first.

**THE COURT:** My reaction is, no, what we should have had is non-infringement contentions first

because you've got the burden, right?  You're the

plaintiff.

          MR. HOESCHEN:  So that is true that

non-infringement -- but the -- essentially, it's almost

impossible to come up with a, here's why we don't

infringe, unless you have a procedure for why we do

infringe.

          THE COURT:  Well, you brought a case; you

must have a theory why you don't infringe.

          MR. HOESCHEN:  Of course we do, Your Honor.

          THE COURT:  So then why couldn't you issue

non-infringement contentions?

          MR. HOESCHEN:  Your Honor, they have an

Interrogatory on that very issue.  And the parties

certainly could have agreed to that schedule, now that

you bring it up.

          But the fact of the matter is that the parties

agreed to a schedule where there would be infringement

contentions and then invalidity contentions in the normal

course, just like the case had been brought by the

patentee against the --

          THE COURT:  Right, but the order does, and I

signed the order because, you know, if I get parties to

agree to something, especially in a patent case, I'm

inclined to sign it.  But, you know, my order says bring

in a claim.  They don't have a claim of infringement.

**MR. HOESCHEN:**  Well, there's two points on that, Your Honor.  The first is that we're not actually compelling them to provide infringement contentions.  They already did that.  And those infringement contentions accuse us, in no uncertain times, of accusing -- of infringing directly and indirectly via various accused products.

Second, the Paragraph 4 of your order says that these various disclosures which we're asking for, and most important to us now is the production of all agreements, including licenses, transferring interest in the certain patent.  That section is very clear.  That's due at the same time as the contentions.  They provided the contentions, but they didn't provide the late disclosure.

**THE COURT:**  I know.  They were just so generous they decided we don't really have to do this, but we will, and they did.  I mean, you know, the order says if you're bringing a claim of infringement, you've got to do these things.

Let me ask you this:  Do you dispute or is it your position that even if they don't have a claim for infringement, they are required under the order to provide infringement contentions?

**MR. HOESCHEN:** Yes.

**THE COURT:** It is your position.

**MR. HOESCHEN:** If they are intending to assert infringement in this action, which they appear to be, in which I understood to be the agreement the parties have reached. Because, just for a moment, the counterfactual here is their contention that the parties put in this date for infringement contentions of, at the time, less than a month in the future from when it was ordered.

Their apparent position is that this date had no meaning. The parties never intended to serve infringement contentions, never intended to do these initial disclosures that would allow us to assess the value of the case and make, you know, initial determinations about standing, exhaustion, with regard to resolution.

Our contention is that this date meant exactly what it said, that the parties -- we understood that they clearly contend that these products infringe. They brought suit in other courts contending that they infringe. They served contentions saying that your products infringe.

We think that the only central reading of what the parties intended at the time and what the Court

15

subsequently ordered is that that deadline was meant to mean something, and that by not serving those disclosures at the same time as the contentions, that they violated that order in the parties' agreement.

And just as a further note, there's no other date for these disclosures in the scheduling order. The only date -- the only date is relative to the service of the infringement contentions. Under IV's current theory, these are never due. They've already served contentions, and these are just up in the air somewhere.

**THE COURT:** Give me a second.

Your point being that we've got the June 12, 2025 date, and that's the only date. It does say "unless otherwise agreed to."

**MR. HOESCHEN:** But Paragraph 4 does not have the "otherwise agreed to" language. It simply says that the document production accompanying disclosure is served with the disclosure of asserted claims and infringement contentions.

**THE COURT:** Yeah. I think the problem I have is with the premise, though. So the premise is, and has to be under the terms of the scheduling order, that the disclosure of asserted claims and infringement contentions required under Paragraph 3 of the scheduling order is only triggered if you have a party claiming

patent infringement.  We don't have that.

MR. HOESCHEN:  I mean, I understand Your Honor's position, but I think if you read the infringement contentions they served, it's quite clear they are claiming infringement.

THE COURT:  Well, they are not claiming infringement; they're telling you that you infringe.  I mean, claiming infringement means you file a claim.  They haven't.  I mean, regardless of what you all intended, that's what I thought this scheduling order covered, my form orders, I mean.

Now, I opened the hearing, or the substantive part of the hearing, saying this case brought to my attention that I've got gaps in my form orders.

All right.  Anything else you want to say?  I'll hear from them.

MR. HOESCHEN:  I just wanted to point out, Your Honor, that this is a dispute that if this is what IV wanted, it's something that should have been raised when the parties were planning the scheduling order.  They could have requested a date in this, per Paragraph 3 and 4 that was 30 days after the a party answers.  Instead --

THE COURT:  After it answers?

MR. HOESCHEN:  Or after asserts a

counterclaim, relevant counterclaim. They didn't. Instead, they picked a date certain that was only 28 days in the future, a date when they knew they would not have a counterclaim asserted. And I do not think that can be squared with their argument now and their decision to serve these on -- to serve the actual contentions on the 12th.

THE COURT: Okay.

Trying to find your proposed order. I don't know where I put it.

MR. HOESCHEN: I believe it was Exhibit 3 to our letter.

THE COURT: Got it. Thank you.

Anything else you want to say?

MR. HOESCHEN: Just, Your Honor, that the same reasoning that, you know, supports the inclusion of these in your normal form scheduling order in the normal course, where a patentee --

THE COURT: You mean all the licenses? What do you mean?

MR. HOESCHEN: Yeah. The disclosure requirement in Section 4 of your form order. That animates the requirement to disclose these in the normal course where a patentee sues a manufacturer applies here.

We are asking for documents that allow us to assess threshold legal issues early in the case, you know, to drive this case towards resolution as promptly as possible.

There is as much reason to do that in a case where a DJ of non-infringement is requested as in a case where infringement is at issue.

**THE COURT:** Okay. Thank you.

**MR. HOESCHEN:** Thank you, Your Honor.

**MR. FARNAN:** Good morning, Your Honor. Brian Farnan on behalf of Intellectual Ventures.

Mr. Downing will address any substantive questions, but I want to just give you background and procedure because Your Honor hit the nail on the head.

This was something -- well, first, to start, they demanded that we have the 26(f) conference at the start of discovery while our motion to dismiss was pending. We opposed it. And I think you saw during that exchange there were some exchanges with the Court about cooperation among counsel. Things weren't going so well.

And so we then had a meet-and-confer, and we told them we wanted non-infringement contentions, and they said no.

Then we raised this in his e-mails, like, this doesn't make sense. We're not asserting a claim. You're

not asserting invalidity here.  Like, what's going on?

And we didn't want to bring our dispute to the Court.  We didn't think the order applied.  So we decided we're not going to keep writing the Court, having problems.  You told us to enter the form order, so we did it.  We're going to comply.

Then when it came time to do it, we didn't think it applied, truth.  But they had DJs for certain patents.  We're like, well, we can get contentions on those DJs to keep things moving.  The Court clearly wants discovery to go forward.  We don't want to just, you know, be a stick in the wheels.  So we did that.

We were trying to get along.  We were trying to move the case forward, give them an idea of what we would say in the DJ claims, but we had answered.  There may be more to come, right?  And we thought, well, the best we can do is show our hand, what we think we've got, and then when the Court orders on the motion on disclosure -- because we think the case should be dismissed -- then that's the other thing.  We moved to dismiss.

They filed this case, and they waited until after briefing on the motion to dismiss was complete to move to enjoin us.  They delayed for that.  Then, also, there was a rush to get to discovery.  When they couldn't

move to enjoin when they filed the suit, they let us go all through the motion to dismiss briefing, then they had this new argument. Then they said, well, now we want to do discovery.

But we weren't trying to bring things to the Court. We were going to let things play out. But we thought -- we previewed what we were doing, and the Court held us here, denied our motion, then we could come back and say, okay, we answered. Here's what we're going to do now, and we could add stuff. But it wouldn't be starting anew, and we comply with Your Honor's intent. And that's how we tried to do it.

There's no game playing; there's no hiding. And on a license, we said, hey, we'll meet with you; tell us what you want, but the confines of this case aren't known. But we'll give you stuff to keep it moving, but this isn't your normal case. And the order you wanted -- they asked for the order. They got it. It's just -- not to be -- it doesn't make sense. No one's fault, it's just incongruent here. And so we did the best we could. We're happy to do more, if the case stays here, but that's how we got here.

**THE COURT:** Okay. Thank you.

**MR. FARNAN:** Thank you.

**THE COURT:** I'm not going to require further

argument.  I mean, you know, Mr. Hoeschen, in terms of the threshold issues, there's no threshold.  We don't have counterclaims yet.

Now, what I will do is, if we get to the point where there are counterclaims asserted, we will move quickly because, you know, I actually appreciate what Mr. Farnan said.  And, Mr. Hoeschen, and I know you and Ms. Keller as well, are known for being civil, civil litigators, and are conscious of the burdens on the Court.

So I think in this case, given the counsel, or the Delaware counsel, whom I know at least, that if we get to the point where there are asserted counterclaims, we need to move fast.  And, frankly, if we get asserted counterclaims, all the licenses have to be turned over, and expeditiously, so that we can address standing issues very quickly.

Is that understood?

**MR. DOWNING:**  Yes, Your Honor.

**THE COURT:**  Okay.  Thank you.

**MR. DOWNING:**  And, Your Honor, we've also produced some standing documents just to move things along, as Mr. Farnan said.

**THE COURT:**  Right.  But as Mr. Farnan noted, you know, there could be other patents that all of a

sudden, or other claims or other issues that are asserted. And that's why it's premature at this point to require these considerations of standing, I think, right now. We don't have claims yet.

So I'm going to take it piecemeal, and that's how we're going to do it. And, you know, look, I actually want to give kudos to the parties. They spotted this inadequacy on my part, you know, failure to issue an appropriate order to deal with these kinds of DJs. If I can get to it, I will issue another one.

Spread the word, if you will, that, you know, I'm aware that I don't have a form scheduling order that addresses a DJ for non-infringement.

Frankly, I realize now, really, I ought to just change the nature of my form orders to deal with DJ actions, and I'm going to do that going forward. Okay?

I don't see any real prejudice to the plaintiff. If anything, they've gotten these materials very early in the game and then when counterclaims are served, we'll have the time under the rules to respond appropriately. All right? So I'm going to deny that application.

All right. Now let's deal with the protective order.

**MR. HOESCHEN:** Hello again, Your Honor.

On the protective order, the parties, as we mentioned in the briefing, have two disputes. The first is Viasat would like an acquisition bar that prevents lawyers seeing our confidential information, from acquiring patents within the field of the invention for a period of three years after the termination of this action.

We think the risk here is exactly the same as in the prosecution bar context. Our worry here, especially with like Intellectual Ventures, sort of a preeminent acquirer of patents, is that, you know, the lawyers here, with the best of intentions, are walking around knowing exactly how Viasat's projects -- products work and exactly how much they're worth to us.

They'll have our most important financial information and all those schematics to know exactly which patents they're looking at might read upon our products.

**THE COURT:** Actually, so a couple of things, if you would. Is what you just said, the information that's most important to you, and you said financial information?

**MR. HOESCHEN:** And technical information.

**THE COURT:** And by "tech information," I think you said "schematics." That's very broad tech

But maybe they could come up with some really good reasons why it makes sense to have every airline sued, you know, in Chicago, United and Northwest.  They don't exist anymore but, you know what I'm saying.

You're good?

**MR. WARREN:**  Thank you, Your Honor.

**THE COURT:**  You're good?

**MR. WALDROP:**  Thank you, Your Honor, for your time.

**THE COURT:**  Thank you all.  Good arguments.  Appreciate it.  Have a good day.

We will have an oral order just disposing of all the pending motions consistent with my rulings today.  All right?

(The proceedings concluded at 11:50 a.m.)

CERTIFICATE OF COURT REPORTER

I hereby certify that the foregoing is a true and accurate transcript from my stenographic notes in the proceeding.

/s/ Bonnie R. Archer
Bonnie R. Archer, RPR, FCRR
Official Court Reporter
U.S. District Court

# Exhibit C

| | |
|---|---|
| **From:** | Michael J. Farnan |
| **To:** | Babaz, Carter; Kim, Heather; farnan@rlf.com; fineman@rlf.com; John Downing; Jonathan K. Waldrop; Brian Farnan; Marcus Barber; metzler@rlf.com; Paul G. Williams; ThucMinh Nguyen; Intellectual Ventures |
| **Cc:** | Howell, Matthew |
| **Subject:** | RE: IV/Assurant |
| **Date:** | Thursday, May 28, 2026 4:19:15 PM |

**EXTERNAL SENDER – Proceed with caution**

This works—thank you, Carter

Michael

Michael J. Farnan

Farnan LLP

919 N. Market St.

12th Floor

Wilmington, DE 19801

Direct Dial:  302-777-0338

Fax:  302-777-0301

**From:** Babaz, Carter <Carter.Babaz@alston.com>
**Sent:** Thursday, May 28, 2026 4:10 PM
**To:** Michael J. Farnan <mfarnan@farnanlaw.com>; Kim, Heather <HKim@kasowitz.com>; farnan@rlf.com; fineman@rlf.com; John Downing <JDowning@kasowitz.com>; Jonathan K. Waldrop <JWaldrop@kasowitz.com>; Brian Farnan <bfarnan@farnanlaw.com>; Marcus Barber <MBarber@kasowitz.com>; metzler@rlf.com; Paul G. Williams <PWilliams@kasowitz.com>; ThucMinh Nguyen <TNguyen@kasowitz.com>; Intellectual Ventures <IntellectualVentures@kasowitz.com>
**Cc:** Howell, Matthew <Matthew.Howell@alston.com>
**Subject:** RE: IV/Assurant

Thank you Michael. We are fine with this approach, but we would prefer to expressly request written submissions. Would IV accept the below as the body of the joint cover letter?

> The parties respectfully submit the enclosed disputed proposed Scheduling Order, which conforms with the Court's Oral Order. The dispute is limited to Paragraphs 3(e)(i)-(ix) and 3(f)(i)-(iv) concerning initial contentions. The parties respectfully request a scheduling conference.

> Assurant requested that the parties submit their positions in this letter, but Defendants declined.  Assurant respectfully requests the parties be permitted to file a joint 3-page

submission with each side's positions prior to any scheduling conference.

Best,

Carter

Carter Babaz
Associate
**ALSTON & BIRD**
1201 West Peachtree Street
Atlanta, GA 30309
+1 404 881 7877 (O)
+1 678 458 9481 (M)
Carter.Babaz@alston.com

---

**From:** Michael J. Farnan <mfarnan@farnanlaw.com>
**Sent:** Thursday, May 28, 2026 2:55 PM
**To:** Babaz, Carter <Carter.Babaz@alston.com>; Kim, Heather <HKim@kasowitz.com>; farnan@rlf.com; fineman@rlf.com; John Downing <JDowning@kasowitz.com>; Jonathan K. Waldrop <JWaldrop@kasowitz.com>; Brian Farnan <bfarnan@farnanlaw.com>; Marcus Barber <MBarber@kasowitz.com>; metzler@rlf.com; Paul G. Williams <PWilliams@kasowitz.com>; ThucMinh Nguyen <TNguyen@kasowitz.com>; Intellectual Ventures <IntellectualVentures@kasowitz.com>
**Cc:** Howell, Matthew <Matthew.Howell@alston.com>
**Subject:** RE: IV/Assurant

**EXTERNAL SENDER – Proceed with caution**

---

Carter,

   We believe the attached is in line with the Court's Order that only asks for the parties to point to the paragraphs in dispute and to request a scheduling conference. However, as a compromise, we are willing to ask the Court if it would like written submissions. Thank you

Michael

Michael J. Farnan
Farnan LLP
919 N. Market St.
12th Floor

Wilmington, DE 19801

Direct Dial:  302-777-0338

Fax:  302-777-0301

---

**From:** Babaz, Carter <Carter.Babaz@alston.com>
**Sent:** Thursday, May 28, 2026 2:44 PM
**To:** Kim, Heather <HKim@kasowitz.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; farnan@rlf.com; fineman@rlf.com; John Downing <JDowning@kasowitz.com>; Jonathan K. Waldrop <JWaldrop@kasowitz.com>; Brian Farnan <bfarnan@farnanlaw.com>; Marcus Barber <MBarber@kasowitz.com>; metzler@rlf.com; Paul G. Williams <PWilliams@kasowitz.com>; ThucMinh Nguyen <TNguyen@kasowitz.com>; Intellectual Ventures <IntellectualVentures@kasowitz.com>
**Cc:** Howell, Matthew <Matthew.Howell@alston.com>
**Subject:** RE: IV/Assurant

Heather,

To follow up, please find attached the proposed cover letter with Assurant's position and the corresponding scheduling order.

Please let us know if you are okay with the scheduling order, and please feel free to insert IV's position in the cover letter and send it back to us.

Thank you!

Carter

Carter Babaz
Associate
**ALSTON & BIRD**
1201 West Peachtree Street
Atlanta, GA 30309
+1 404 881 7877 (O)
+1 678 458 9481 (M)
Carter.Babaz@alston.com

---

**From:** Heather Kim <HKim@kasowitz.com>
**Sent:** Thursday, May 28, 2026 1:57 PM
**To:** Babaz, Carter <Carter.Babaz@alston.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; farnan@rlf.com; fineman@rlf.com; John Downing <JDowning@kasowitz.com>; Jonathan K. Waldrop <JWaldrop@kasowitz.com>; Brian Farnan <bfarnan@farnanlaw.com>; Marcus Barber <MBarber@kasowitz.com>; metzler@rlf.com; Paul G. Williams <PWilliams@kasowitz.com>;

ThucMinh Nguyen <TNguyen@kasowitz.com>; Intellectual Ventures <IntellectualVentures@kasowitz.com>
**Cc:** Howell, Matthew <Matthew.Howell@alston.com>
**Subject:** RE: IV/Assurant

**EXTERNAL SENDER – Proceed with caution**

Thank you, Carter.

**From:** Babaz, Carter <Carter.Babaz@alston.com>
**Sent:** Thursday, May 28, 2026 10:54 AM
**To:** Heather Kim <HKim@kasowitz.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; farnan@rlf.com; fineman@rlf.com; John Downing <JDowning@kasowitz.com>; Jonathan K. Waldrop <JWaldrop@kasowitz.com>; Brian Farnan <bfarnan@farnanlaw.com>; Marcus Barber <MBarber@kasowitz.com>; metzler@rlf.com; Paul G. Williams <PWilliams@kasowitz.com>; ThucMinh Nguyen <TNguyen@kasowitz.com>; Intellectual Ventures <IntellectualVentures@kasowitz.com>
**Cc:** Howell, Matthew <Matthew.Howell@alston.com>
**Subject:** RE: IV/Assurant

Thank you Heather for confirming. I will circulate the proposed joint letter shortly with Assurant's position. We will also drop in the agreed dates to the body of the scheduling order.

Best,

Carter

Carter Babaz
Associate
**ALSTON & BIRD**
1201 West Peachtree Street
Atlanta, GA 30309
+1 404 881 7877 (O)
+1 678 458 9481 (M)
Carter.Babaz@alston.com

**From:** Heather Kim <HKim@kasowitz.com>
**Sent:** Thursday, May 28, 2026 1:50 PM
**To:** Babaz, Carter <Carter.Babaz@alston.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; farnan@rlf.com; fineman@rlf.com; John Downing <JDowning@kasowitz.com>; Jonathan K. Waldrop <JWaldrop@kasowitz.com>; Brian Farnan <bfarnan@farnanlaw.com>; Marcus Barber

<MBarber@kasowitz.com>; metzler@rlf.com; Paul G. Williams <PWilliams@kasowitz.com>; ThucMinh Nguyen <TNguyen@kasowitz.com>; Intellectual Ventures <IntellectualVentures@kasowitz.com>
**Cc:** Howell, Matthew <Matthew.Howell@alston.com>
**Subject:** RE: IV/Assurant

**EXTERNAL SENDER – Proceed with caution**

Thank you, Carter.

We are unable to agree to Assurant's proposals regarding contentions in Section 3.

**From:** Babaz, Carter <Carter.Babaz@alston.com>
**Sent:** Thursday, May 28, 2026 10:48 AM
**To:** Heather Kim <HKim@kasowitz.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; farnan@rlf.com; fineman@rlf.com; John Downing <JDowning@kasowitz.com>; Jonathan K. Waldrop <JWaldrop@kasowitz.com>; Brian Farnan <bfarnan@farnanlaw.com>; Marcus Barber <MBarber@kasowitz.com>; metzler@rlf.com; Paul G. Williams <PWilliams@kasowitz.com>; ThucMinh Nguyen <TNguyen@kasowitz.com>; Intellectual Ventures <IntellectualVentures@kasowitz.com>
**Cc:** Howell, Matthew <Matthew.Howell@alston.com>
**Subject:** RE: IV/Assurant

Hi Heather,

We would agree to the 40 RFAs. To confirm, does IV agree with Assurant's proposal regarding contentions?

Best,

Carter

Carter Babaz
Associate
**ALSTON & BIRD**
1201 West Peachtree Street
Atlanta, GA 30309
+1 404 881 7877 (O)
+1 678 458 9481 (M)
Carter.Babaz@alston.com

**From:** Heather Kim <HKim@kasowitz.com>
**Sent:** Thursday, May 28, 2026 1:44 PM
**To:** Babaz, Carter <Carter.Babaz@alston.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; farnan@rlf.com; fineman@rlf.com; John Downing <JDowning@kasowitz.com>; Jonathan K. Waldrop <JWaldrop@kasowitz.com>; Brian Farnan <bfarnan@farnanlaw.com>; Marcus Barber <MBarber@kasowitz.com>; metzler@rlf.com; Paul G. Williams <PWilliams@kasowitz.com>; ThucMinh Nguyen <TNguyen@kasowitz.com>; Intellectual Ventures <IntellectualVentures@kasowitz.com>
**Cc:** Howell, Matthew <Matthew.Howell@alston.com>
**Subject:** RE: IV/Assurant

**EXTERNAL SENDER – Proceed with caution**

Hi Carter,

Thank you for confirming agreement on the dates. Could you please let us know if you'll be inserting them into the body of the proposed order?

IV is amenable to a 70-hour limit on fact depositions, but would like to keep our proposed limit of 40 RFAs given the complexities of the case.

Thank you,
Heather

**From:** Babaz, Carter <Carter.Babaz@alston.com>
**Sent:** Thursday, May 28, 2026 9:28 AM
**To:** Heather Kim <HKim@kasowitz.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; farnan@rlf.com; fineman@rlf.com; John Downing <JDowning@kasowitz.com>; Jonathan K. Waldrop <JWaldrop@kasowitz.com>; Brian Farnan <bfarnan@farnanlaw.com>; Marcus Barber <MBarber@kasowitz.com>; metzler@rlf.com; Paul G. Williams <PWilliams@kasowitz.com>; ThucMinh Nguyen <TNguyen@kasowitz.com>; Intellectual Ventures <IntellectualVentures@kasowitz.com>
**Cc:** Howell, Matthew <Matthew.Howell@alston.com>
**Subject:** RE: IV/Assurant

Thank you Heather.

As to the dates in the schedule, we are in agreement. However, can you please provide more information on IV's position on the need for increased RFAs and deposition time?

As a compromise, Assurant would be open to accepting IV's proposals as to RFAs and deposition

time if IV would agree to Assurant's proposals on disclosures at the initial contentions stage.

In the meantime, we are preparing our written position on the disclosures at the initial contentions stage and intend to share it with IV to go into the joint cover letter early this afternoon.

Best,

Carter

Carter Babaz
Associate
**ALSTON & BIRD**
1201 West Peachtree Street
Atlanta, GA 30309
+1 404 881 7877 (O)
+1 678 458 9481 (M)
Carter.Babaz@alston.com

---

**From:** Heather Kim <HKim@kasowitz.com>
**Sent:** Wednesday, May 27, 2026 5:10 PM
**To:** Babaz, Carter <Carter.Babaz@alston.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; farnan@rlf.com; fineman@rlf.com; John Downing <JDowning@kasowitz.com>; Jonathan K. Waldrop <JWaldrop@kasowitz.com>; Brian Farnan <bfarnan@farnanlaw.com>; Marcus Barber <MBarber@kasowitz.com>; metzler@rlf.com; Paul G. Williams <PWilliams@kasowitz.com>; ThucMinh Nguyen <TNguyen@kasowitz.com>; Intellectual Ventures <IntellectualVentures@kasowitz.com>
**Cc:** Howell, Matthew <Matthew.Howell@alston.com>
**Subject:** RE: IV/Assurant

**EXTERNAL SENDER – Proceed with caution**

---

Hi Carter,

Please see a revised version attached.  We accepted Assurant's redlines to the extent we could, and layered additional redlines on top.  As you'll see, we moved deadlines to Thursdays rather than Fridays.  We also inserted a heading noting Assurant's position with respect to Section 3.

Thank you,
Heather

---

**From:** Babaz, Carter <Carter.Babaz@alston.com>

**Sent:** Wednesday, May 27, 2026 1:47 PM
**To:** Heather Kim <HKim@kasowitz.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Darcy L. Jones <DJones@kasowitz.com>; farnan@rlf.com; fineman@rlf.com; John Downing <JDowning@kasowitz.com>; Jonathan K. Waldrop <JWaldrop@kasowitz.com>; Brian Farnan <bfarnan@farnanlaw.com>; Marcus Barber <MBarber@kasowitz.com>; metzler@rlf.com; Paul G. Williams <PWilliams@kasowitz.com>; ThucMinh Nguyen <TNguyen@kasowitz.com>; Intellectual Ventures <IntellectualVentures@kasowitz.com>
**Cc:** Howell, Matthew <Matthew.Howell@alston.com>
**Subject:** RE: IV/Assurant

Hi Heather,

We are following up on our call yesterday. Can you please share IV's positions so we can prepare for the filing tomorrow?

Best,

Carter

Carter Babaz
Associate
**ALSTON & BIRD**
1201 West Peachtree Street
Atlanta, GA 30309
+1 404 881 7877 (O)
+1 678 458 9481 (M)
Carter.Babaz@alston.com

---

**From:** Heather Kim <HKim@kasowitz.com>
**Sent:** Friday, May 22, 2026 6:28 PM
**To:** Babaz, Carter <Carter.Babaz@alston.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Darcy L. Jones <DJones@kasowitz.com>; farnan@rlf.com; fineman@rlf.com; John Downing <JDowning@kasowitz.com>; Jonathan K. Waldrop <JWaldrop@kasowitz.com>; Brian Farnan <bfarnan@farnanlaw.com>; Marcus Barber <MBarber@kasowitz.com>; metzler@rlf.com; Paul G. Williams <PWilliams@kasowitz.com>; ThucMinh Nguyen <TNguyen@kasowitz.com>; Intellectual Ventures <IntellectualVentures@kasowitz.com>
**Cc:** Howell, Matthew <Matthew.Howell@alston.com>
**Subject:** RE: IV/Assurant

**EXTERNAL SENDER – Proceed with caution**

---

[+Kasowitz listserv]

Hi Carter,

Thank you for sending your revisions to the schedule.  We will review prior to our meet and confer.

We are on Tuesday 5/27 at 11am PT/2pm ET.  I'll send a calendar invite for then.

Have a great holiday weekend.

Thanks,
Heather


Heather Kim
Kasowitz LLP
101 California Street,
Suite 3950
San Francisco, California 94111
Tel.   (650) 453-5419
Fax.  (650) 362-9316
HKim@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

**From:** Babaz, Carter <Carter.Babaz@alston.com>
**Sent:** Friday, May 22, 2026 12:57 PM
**To:** Michael J. Farnan <mfarnan@farnanlaw.com>; Darcy L. Jones <DJones@kasowitz.com>; farnan@rlf.com; fineman@rlf.com; Heather Kim <HKim@kasowitz.com>; John Downing <JDowning@kasowitz.com>; Jonathan K. Waldrop <JWaldrop@kasowitz.com>; Brian Farnan <bfarnan@farnanlaw.com>; Marcus Barber <MBarber@kasowitz.com>; metzler@rlf.com; Paul G. Williams <PWilliams@kasowitz.com>; ThucMinh Nguyen <TNguyen@kasowitz.com>
**Cc:** Howell, Matthew <Matthew.Howell@alston.com>
**Subject:** RE: IV/Assurant

ALERT: THIS IS AN EXTERNAL EMAIL. **DO NOT CLICK ON ANY LINK, ENTER A PASSWORD, OR OPEN AN ATTACHMENT UNLESS YOU KNOW THAT THE MESSAGE CAME FROM A SAFE EMAIL ADDRESS.**

Counsel:

Thank you for sending your proposal. Please find attached our redlines. We are still reviewing this

proposal with our client, but we wanted to get you our thoughts as soon as possible. Generally, we think the parties can work through any timing differences since our proposed schedules overlap to some extent. Our main timing change is because we think a proposed trial date around May/June 2029 is more realistic given Judge Williams most recent trial settings. *See, e.g., SOTAT, LLC v. Arlo Technologies, Inc.*, No. 1:24-cv-00521-GWB Dkt. 28 (Apr. 14, 2026) (setting a June 2029 trial date). We've suggested a few other changes to the schedule that either reflect a later trial date or were made to streamline the case.

Relatedly, given that IV has previously litigated and currently is litigating the patents-in-suit, we propose some additional early disclosures from both sides than those from Judge Williams' form scheduling order—namely an identification of comparable licenses from both sides and other invalidity contentions that have been exchanged in other cases. The proposed early disclosures and document production will streamline the issues at the outset, and should not be burdensome given that IV has already collected and produced this information in numerous other cases.

Please let us know if you are available to meet and confer on Tuesday or Wednesday. On Tuesday, we are free from 9:00 – 10:00 ET and 2:00 – 2:30 ET. On Wednesday, we are free from 10:30 – 11:30 and 3:00 – 4:00 ET.

Hope everyone has a great weekend.

Best,

Carter


Carter Babaz
Associate
**ALSTON & BIRD**
1201 West Peachtree Street
Atlanta, GA 30309
+1 404 881 7877 (O)
+1 678 458 9481 (M)
Carter.Babaz@alston.com

---

**From:** Michael J. Farnan <mfarnan@farnanlaw.com>
**Sent:** Wednesday, May 20, 2026 5:03 PM
**To:** Babaz, Carter <Carter.Babaz@alston.com>; DJones@kasowitz.com; farnan@rlf.com; fineman@rlf.com; Kim, Heather <HKim@kasowitz.com>; JDowning@kasowitz.com; JWaldrop@kasowitz.com; Howell, Matthew <Matthew.Howell@alston.com>; MBarber@kasowitz.com; metzler@rlf.com; PWilliams@kasowitz.com; Finch, Thomas

<XXThomas.Finch@alston.com>; TNguyen@kasowitz.com

**Cc:** Brian Farnan <bfarnan@farnanlaw.com>

**Subject:** IV/Assurant

**EXTERNAL SENDER – Proceed with caution**

All,

  Attached please find the proposed scheduling order.  Thank you

Michael

Michael J. Farnan

Farnan LLP

919 N. Market St.

12th Floor

Wilmington, DE 19801

Direct Dial:  302-777-0338

Fax:  302-777-0301

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

# Exhibit D

| **From:** | Babaz, Carter |
| **To:** | "Heather Kim"; Michael J. Farnan; John Downing; Jonathan K. Waldrop; Brian Farnan; Marcus Barber; Paul G. Williams; ThucMinh Nguyen; Intellectual Ventures |
| **Cc:** | farnan@rlf.com; Howell, Matthew; fineman@rlf.com; metzler@rlf.com |
| **Subject:** | FW: Activity in Case 1:24-cv-00344-GBW Assurant, Inc. v. Intellectual Ventures I LLC et al Order |
| **Date:** | Monday, June 1, 2026 11:32:00 AM |

Counsel,

Please provide IV's position on Assurant's proposals on initial contentions in writing before 5 PM ET today to allow us to address that position in Assurant's letter. Separately, to the extent IV believes it is necessary or would be helpful, please let us know if you are available to meet and confer today or tomorrow morning to discuss whether any portion of Assurant's proposals can be agreed to by IV so we can limit the dispute to be addressed by the Court.

Best,

Carter

Carter Babaz
Associate
**ALSTON & BIRD**
1201 West Peachtree Street
Atlanta, GA 30309
+1 404 881 7877 (O)
+1 678 458 9481 (M)
Carter.Babaz@alston.com

---

**From:** ded_nefreply@ded.uscourts.gov <ded_nefreply@ded.uscourts.gov>
**Sent:** Friday, May 29, 2026 10:11 AM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:24-cv-00344-GBW Assurant, Inc. v. Intellectual Ventures I LLC et al Order

**EXTERNAL SENDER – Proceed with caution**

---

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users.**

**To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered on 5/29/2026 at 10:11 AM EDT and filed on 5/29/2026

**Case Name:**          Assurant, Inc. v. Intellectual Ventures I LLC et al

**Case Number:**        1:24-cv-00344-GBW

**Filer:**

**Document Number:** 33(No document attached)

**Docket Text:**
**ORAL ORDER: Having reviewed the parties' letter requesting a scheduling conference (D.I. 32) and the proposed Scheduling Order attached thereto, IT IS HEREBY ORDERED that, by no later than Tuesday, June 2, 2026, the parties shall each submit a letter to the Court, not to exceed three (3) pages single-spaced, outlining the issues in dispute, its position on those issues, any relevant correspondence between the parties, and any supporting authority for its position(s). The parties shall provide the Court with two (2) courtesy paper copies of their respective letters with hard tabs inserted before any exhibits. If the Court determines that the dispute cannot be resolved based on the parties' letter submissions, the Court will schedule a scheduling teleconference at a later date. ORDERED by Judge Gregory B. Williams on 5/29/2026. (jaa)**


**1:24-cv-00344-GBW Notice has been electronically mailed to:**


Steven J. Fineman     fineman@rlf.com, PStewart@rlf.com


Brian E. Farnan     bfarnan@farnanlaw.com, tfarnan@farnanlaw.com


Kelly E. Farnan     farnan@rlf.com, linda-loveless-5548@ecf.pacerpro.com, loveless@rlf.com


Michael J. Farnan     mfarnan@farnanlaw.com, tfarnan@farnanlaw.com


Matthew W. Howell     matthew.howell@alston.com

Jonathan K. Waldrop    jwaldrop@kasowitz.com, courtnotices@kasowitz.com

John W. Downing    jdowning@kasowitz.com, courtnotices@kasowitz.com

Marcus A. Barber    mbarber@kasowitz.com, courtnotices@kasowitz.com

Paul G. Williams    pwilliams@kasowitz.com, dsaxon@kasowitz.com

Keith E. Broyles    keith.broyles@alston.com, cherry.chan@alston.com

Heather S. Kim    hkim@kasowitz.com, nwashington@kasowitz.com

Sara M. Metzler    metzler@rlf.com, loveless@rlf.com

Jonathan H. Hicks    jhicks@kasowitz.com

ThucMinh Nguyen    tnguyen@kasowitz.com, courtnotices@kasowitz.com

Carter E. Babaz    carter.babaz@alston.com, lauren.young@alston.com

Paula Ajumobi    pajumobi@kasowitz.com

Jeceaca An    jan@kasowitz.com

Binta A. Watkins    bwatkins@kasowitz.com

Kristine B. Abrenica    kabrenica@kasowitz.com

**1:24-cv-00344-GBW Filer will deliver document by other means to:**