## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASSURANT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 24-344-GBW |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| INTELLECTUAL VENTURES I LLC, | ) | |
| INTELLECTUAL VENTURES II LLC, and | ) | |
| CALLAHAN CELLULAR L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |
| INTELLECTUAL VENTURES I LLC, | ) | |
| INTELLECTUAL VENTURES II LLC, and | ) | |
| CALLAHAN CELLULAR L.L.C., | ) | |
| | ) | |
| Counterclaim-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ASSURANT, INC., | ) | |
| | ) | |
| Counterclaim-Defendant. | ) | |

## ASSURANT INC.'S ANSWER TO DEFENDANTS' COUNTERCLAIMS FOR <u>INFRINGEMENT</u>

Declaratory Judgment Plaintiff Assurant, Inc. ("Assurant" or "Plaintiff"), by and through its counsel, hereby files its Answer to Declaratory Judgment Defendants and Counterclaim-Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC's (collectively, "IV") Counterclaims for Patent Infringement ("Counterclaims") (D.I. 31). Assurant denies the allegations and characterizations in the Counterclaims unless expressly admitted in the following numbered paragraphs, which correspond to the numbered paragraphs of the Counterclaims.

## THE PARTIES[1]

1.     Assurant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies them.

2.     Assurant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them.

3.     Assurant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

4.     Assurant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5.     Assurant admits the allegations of paragraph 5.

## JURISDICTION AND VENUE

6.     Assurant admits that IV has brought counterclaims of patent infringement against Assurant under 35 U.S.C. § 271, et seq. Assurant denies that IV has any valid claim thereunder. Assurant admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## FACTUAL BACKGROUND

7.     Assurant denies that Intellectual Ventures Management "has been involved in the business of inventing" and denies that Intellectual Ventures Management "facilitates invention by inventors." Assurant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 and therefore denies them.

---

[1] Headings and subheadings are copied from the Counterclaims for ease of reference only. These headings and subheadings do not require any response and do not constitute an admission or denial of any purported fact or allegation. To the extent a response is required to any allegation in the Counterclaims' headings or subheadings, Assurant denies those allegations.

2

8. Assurant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies them.

9. Assurant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies them.

10. Assurant admits that it offers financial-related services to its customers. Assurant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10, including what is meant by offering "technologies," "various technologies," and "backend cloud technologies," and therefore denies them.

**THE PATENTS-IN-SUIT**

**U.S. Patent No. 7,949,785**

11. Assurant admits that a purported copy of U.S. Patent No. 7,949,785 (the "'785 Patent") is attached to the Complaint as Exhibit 1 and that its title is "Secure Virtual Community Network System." Assurant denies the remaining allegations in paragraph 11.

12. Assurant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them.

**U.S. Patent No. 7,712,080**

13. Assurant admits that a purported copy of U.S. Patent No. 7,712,080 (the "'080 Patent") is attached to the Complaint as Exhibit 2 and that its title is "Systems and Methods for Parallel Distributed Programming." Assurant denies the remaining allegations in paragraph 13.

14. Assurant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

**U.S. Patent No. 8,332,844**

15. Assurant admits that a purported copy of U.S. Patent No. 8,332,844 (the "'844 Patent") is attached to the Complaint as Exhibit 3 and that its title is "Root image caching and

3

indexing for block-level distributed application management." Assurant denies the remaining allegations in paragraph 15.

16.    Assurant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

**COUNTERCLAIM COUNT I**
**(Assurant's [Alleged] Infringement of U.S. Patent No. 7,949,785)**

17.    Assurant incorporates its responses to paragraphs 1-16 as if set forth fully herein.

18.    Assurant denies the allegations of paragraph 18.

19.    Assurant denies the allegations of paragraph 19.

20.    Assurant denies the allegations of paragraph 20.

21.    Assurant denies the allegations of paragraph 21.

22.    Assurant denies the allegations of paragraph 22.

23.    Assurant denies that IV provided any "notice" or any other correspondence to Assurant that was dated January 9, 2024. Assurant admits that IV provided an "IIF Licensing Opportunity: Assurant" presentation on February 12, 2024, which mentioned the '785 Patent. Assurant otherwise denies the allegations of paragraph 23.

24.    Assurant denies the allegations of paragraph 24.

25.    Assurant denies the allegations of paragraph 25.

26.    Assurant denies the allegations of paragraph 26.

27.    Assurant denies the allegations of paragraph 27.

28.    Assurant admits that IV included a statement in Exhibit 4 that states it does not accuse "public clouds of [Assurant], to the extent those services are provided by a cloud provider with a license to Defendants' patents that covers Plaintiff's activities." D.I. 31 at 2. Assurant denies that IV has a valid claim against any non-licensed products and services.

4

29.     Assurant admits that IV has attached a claim chart as Exhibit 4. Assurant denies infringement, including any allegations contained in Exhibit 4, and denies any remaining allegations in paragraph 29.

30.     Assurant admits that IV has attached a claim chart as Exhibit 4. Assurant denies infringement, including any allegations contained in Exhibit 4, and denies any remaining allegations in paragraph 30.

31.     Assurant denies the allegations of paragraph 31.

32.     Assurant denies the allegations of paragraph 32.

## COUNTERCLAIM COUNT II
### (Assurant's [Alleged] Infringement of U.S. Patent No. 7,712,080)

33.     Assurant incorporates its responses to paragraphs 1-32 as if set forth fully herein.

34.     Assurant denies the allegations of paragraph 34.

35.     Assurant denies the allegations of paragraph 35.

36.     Assurant denies the allegations of paragraph 36.

37.     Assurant denies the allegations of paragraph 37.

38.     Assurant denies the allegations of paragraph 38.

39.     Assurant admits that IV provided an "IIF Licensing Opportunity: Assurant" presentation on February 12, 2024, which mentioned the '080 Patent. Assurant otherwise denies the allegations of paragraph 39.

40.     Assurant denies the allegations of paragraph 40.

41.     Assurant denies the allegations of paragraph 41.

42.     Assurant denies the allegations of paragraph 42.

43.     Assurant denies the allegations of paragraph 43.

RLF1 36163953v.1

44.     Assurant admits that IV has attached a claim chart as Exhibit 5. Assurant denies infringement, including any allegations in Exhibit 5, and denies any remaining allegations in paragraph 44.

45.     Assurant admits that IV has attached a claim chart as Exhibit 5. Assurant denies infringement, including any allegations in Exhibit 5, and denies any remaining allegations in paragraph 45.

46.     Assurant denies the allegations of paragraph 46.

47.     Assurant denies the allegations of paragraph 47.

48.     Assurant denies the allegations of paragraph 48.

**COUNTERCLAIM COUNT III**
**(Assurant's [Alleged] Infringement of U.S. Patent No. 8,332,844)**

49.     Assurant incorporates its responses to paragraphs 1-48 as if set forth fully herein.

50.     Assurant denies the allegations of paragraph 50.

51.     Assurant denies the allegations of paragraph 51.

52.     Assurant denies the allegations of paragraph 52.

53.     Assurant denies the allegations of paragraph 53.

54.     Assurant denies the allegations of paragraph 54.

55.     Assurant denies that IV provided any "notice" or any other correspondence to Assurant that was dated January 9, 2024. Assurant admits that IV provided an "IIF Licensing Opportunity: Assurant" presentation on February 12, 2024, which mentioned the '844 Patent. Assurant otherwise denies the allegations of paragraph 55.

56.     Assurant denies the allegations of paragraph 56.

57.     Assurant denies the allegations of paragraph 57.

58.     Assurant denies the allegations of paragraph 58.

6

RLF1 36163953v.1

59. Assurant denies the allegations of paragraph 59.

60. Assurant admits that IV has attached a claim chart as Exhibit 6. Assurant denies infringement, including any allegations in Exhibit 6, and denies any remaining allegations in paragraph 60.

61. Assurant admits that IV has attached a claim chart as Exhibit 6. Assurant denies infringement, including any allegations in Exhibit 6, and denies any remaining allegations in paragraph 61.

62. Assurant denies the allegations of paragraph 62.

63. Assurant denies the allegations of paragraph 63.

64. Assurant denies the allegations of paragraph 64.

**PRAYER FOR RELIEF**

Assurant denies any liability to Counterclaim-Plaintiffs, denies that Counterclaim-Plaintiffs are entitled to any relief from Assurant, and denies all of the allegations contained in Counterclaim-Plaintiffs' Prayer for Relief; and

WHEREFORE, Assurant prays for relief with respect to Counterclaim-Plaintiffs' Counterclaims as follows:

a. Dismissal of Counterclaim-Plaintiffs' Counterclaims with prejudice;

b. Judgment for Assurant on each of Counterclaim-Plaintiffs' Counterclaims and find that Counterclaim-Plaintiffs are not entitled to any of the relief requested in their Prayer for Relief or any relief whatsoever;

c. Each of the requests for relief prayed for in Assurant's Original Complaint (D.I. 1);

d. A finding that this case is exceptional within the meaning of 35 U.S.C. § 285, entitling Assurant to its reasonable attorneys' fees and costs; and

7

RLF1 36163953v.1

e.  Such other equitable and/or legal relief as this Court or a jury may deem proper and just under the circumstances.

## ASSURANT'S DEFENSES

Assurant alleges and asserts the following defenses in response to the allegations contained in the Counterclaims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Assurant reserves all rights to allege additional defenses and counterclaims that become known through its investigation of IV's allegations during the course of discovery.

### FIRST DEFENSE
### (Failure to State a Claim)

1.  IV's Counterclaims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Non-Infringement)

2.  Assurant does not and has not infringed, under any theory of infringement including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), either literally or under the doctrine of equivalents, any valid, enforceable claim of the Patents-in-Suit.

### THIRD DEFENSE
### (Invalidity)

3.  The claims of the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

### FOURTH DEFENSE
### (License or Exhaustion)

4.  IV's claims are precluded in whole or in part to the extent that any allegedly infringing products or components thereof are covered by express or implied licenses to the

8

Patents-in-Suit, and/or under the doctrine of patent exhaustion. On information and belief, IV has licensed one or more of Assurant's vendors for the accused technology.

**FIFTH DEFENSE**
**(Estoppel and/or Waiver)**

5.    IV's attempted enforcement of the Patents-in-Suit against Assurant is barred in whole or part by estoppel and/or waiver.

**SIXTH DEFENSE**
**(Limitation on Damages)**

6.    IV's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286, 287, and/or 288.

**SEVENTH DEFENSE**
**(Prosecution History Estoppel)**

7.    IV's claims are barred in whole or in part by the doctrine of prosecution history estoppel based on statements, representations, disclaimers, admissions and/or disavowals made during prosecution of the patent applications resulting in the Patents-in-Suit.

**EIGHTH DEFENSE**
**(No Equitable Entitlement to Injunctive Relief)**

8.    IV is not entitled to injunctive relief under any theory, including without limitation, because any alleged injury to IV is not immediate or irreparable, IV has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

**NINTH DEFENSE**
**(No Willful Infringement)**

9.    IV is not entitled to enhanced damages under 35 U.S.C. § 284 because IV has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

## TENTH DEFENSE
### (No Exceptional Case)

10.  IV cannot prove that this is an exceptional case justifying an award of attorneys' fees against Assurant pursuant to 35 U.S.C. § 285.

## ELEVENTH DEFENSE
### (Waiver, Equitable Estoppel, Acquiescence, Unclean Hands)

11.  IV's claims are barred, in whole or in part, or its remedies limited, by the doctrines of waiver, implied waiver, equitable estoppel, acquiescence, and/or unclean hands.

## TWELFTH DEFENSE
### (Ensnarement)

12.  IV cannot assert the claims of the Patents-in-Suit under the doctrine of equivalents to cover the Accused Products because each such an asserted claim scope would encompass or ensnare the prior art.

## THIRTEENTH DEFENSE
### (Standing)

13.  To the extent that IV did not, or does not, hold all substantive rights to bring suit and to exclude others from practicing the claims of the Patents-in-Suit, IV's claims are barred by lack of standing.

## FOURTEENTH DEFENSE
### (Reservation of Rights)

14.  Assurant reserves the right to add any additional defenses (including but not limited to inequitable conduct) or counterclaims which may now exist or in the future may be available based on discovery and further factual investigation in this case.

## ASSURANT'S COUNTERCLAIMS

15.  Assurant incorporates by reference paragraphs 1-145 of its Complaint (D.I. 1) and paragraphs 1-64 of its Answer and Defenses, as if set forth fully herein.

10

**COUNTERCLAIM COUNT I**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,949,785)**

16.    This is a counterclaim for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. An actual, justiciable controversy exists between Assurant and Intellectual Ventures I regarding the validity of the '785 Patent, based on at least Intellectual Ventures I's Counterclaim Count I.

17.    One or more claims of the '785 Patent are invalid for failure to comply with one or more conditions for patentability under Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

18.    Assurant is entitled to a declaratory judgment that one or more claims of the '785 Patent are invalid.

**COUNTERCLAIM COUNT II**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,712,080)**

19.    Assurant incorporates by reference its responses to the Counterclaims, its Defenses, and the foregoing counterclaim paragraphs as if set forth fully herein.

20.    This is a counterclaim for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. An actual, justiciable controversy exists between Assurant and Intellectual Ventures I regarding the validity of the '080 Patent, based on at least Intellectual Ventures I's Counterclaim Count II.

21.    One or more claims of the '080 Patent are invalid for failure to comply with one or more conditions for patentability under Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

22.    Assurant is entitled to a declaratory judgment that one or more claims of the '080 Patent are invalid.

11

## COUNTERCLAIM COUNT III
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,332,844)

23.     Assurant incorporates by reference its responses to the Counterclaims, its Defenses, and the foregoing counterclaim paragraphs as if set forth fully herein.

24.     This is a counterclaim for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. An actual, justiciable controversy exists between Assurant and Intellectual Ventures II regarding the validity of the '844 Patent, based on at least Intellectual Ventures II's Counterclaim Count III.

25.     One or more claims of the '844 Patent are invalid for failure to comply with one or more conditions for patentability under Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

26.     Assurant is entitled to a declaratory judgment that one or more claims of the '844 Patent are invalid.

## DEMAND FOR JURY TRIAL

Assurant hereby demands a trial by jury on all claims so triable.

## ADDITIONAL PRAYER FOR RELIEF

WHEREFORE, in addition to the Prayer for Relief set forth in Assurant's Complaint (D.I. 1 at 27), Assurant respectfully requests a declaratory judgment against IV as follows:

A. Dismissal of Counterclaim-Plaintiffs' Counterclaims with prejudice;

B. Judgment for Assurant on each of Counterclaim-Plaintiffs' Counterclaims and find that Counterclaim-Plaintiffs are not entitled to any of the relief requested in their Prayer for Relief or any relief whatsoever;

C. A declaration that one or more claims of the '785 Patent are invalid;

D. A declaration that one or more claims of the '080 Patent are invalid;

12

RLF1 36163953v.1

E.  A declaration that one or more claims of the '844 Patent are invalid;

F.  Such other equitable and/or legal relief as this Court or a jury may deem proper and just

    under the circumstances.


                                              /s/ Kelly E. Farnan
Of Counsel:                                   Steven J. Fineman (#4025)
                                              Kelly E. Farnan (#4395)
Matthew W. Howell                             Sara M. Metzler (#6509)
Carter E. Babaz                               RICHARDS, LAYTON & FINGER, P.A.
ALSTON & BIRD LLP                             One Rodney Square
One Atlantic Center                           920 North King Street
1201 West Peachtree St. NE                    Wilmington, DE 19801
Atlanta, Georgia 30309-3424                   (302) 651-7700
matthew.howell@alston.com                     fineman@rlf.com
carter.babaz@alston.com                       farnan@rlf.com
                                              metzler@rlf.com
Dated: June 30, 2026
                                              *Attorneys for Plaintiff Assurant, Inc.*

13